This is a divorce case.
The parties to this appeal were divorced in 1974. The decree of divorce via an agreement of the parties contained certain provisions regarding two parcels of land. One parcel of land was a home located in Enterprise, Alabama. The other parcel was located in Tennessee.
Thereafter, in 1979, the ex husband filed suit in Enterprise seeking a sale for division of the Enterprise home.
The ex wife answered with a motion to dismiss. The trial court granted the wife's motion. The trial court determined that the Enterprise home's disposition was provided for by the terms of the divorce decree and could not be modified.
Approximately one week after the dismissal, the trial court allowed the ex husband to amend his lawsuit. The amendment alleged "changed circumstances" and sought modification of the 1974 decree as it pertained to the Enterprise home.
After an ore tenus hearing, the trial court again found the disposition of the Enterprise property, as provided in the 1974 divorce decree, was part of a division of property and therefore not subject to modification.
The ex husband appeals and we affirm.
The ex husband's position is best stated by his able and distinguished counsel who, before the trial judge, said the following:
 In the pending suit on modification we would contend that paragraph numbered Three is certainly in the nature of alimony and or child support, since at the time of the divorce there were two children who were not of age who have since then become of age and are both married. So we say that that portion of it that gave her the right to live in the marital home certainly is certainly no more and should be off in view of the change of the status of the parties and the fact that she is remarried and the children are of age, and we would ask the Court to modify the judgment to that extent and upon a modification to grant petitioner's complaint *Page 310 
seeking the sale for division of the property for division among the joint owners, but we would make known to the Court that we would like the sale to be as orderly as possible and therefore we would not object and would request the Court to give the parties six months in which to attempt to sell the — get the property FHA or VA appraised and sell it in an orderly fashion rather than a forced sale upon the courthouse steps, and that the proceeds be divided between the parties.
The pertinent paragraphs of the divorce decree are as follows:
 3. It is agreed that the wife shall have the right to live in the marital home in Enterprise, Alabama and that she shall make the monthly payments on said home as they become due as well as providing maintenance and upkeep on said property.
 4. It is agreed that the wife shall receive as alimony the income from property owned by the parties in Tennessee and that she will make the monthly payments on said property including taxes and insurance and that she will provide necessary repairs. In the event the wife remarries, the income from the Tennessee property will be placed in a joint savings account as an educational fund for the minor children to be used for their college education. In order to withdraw from this account it will be necessary [for] both the husband and wife to sign any withdrawal slips. After the education of the minor children, or upon determination of the parties that neither child desires an education on a college level, then the husband shall determine whether the Tennessee property should be sold. In the event the husband determines that the Tennessee property should be sold it is agreed that the net proceeds will be divided equally between the husband and wife, and that out of her share, she will pay to the husband $1000.00 and he at that time will convey the Enterprise, Alabama property to the wife. In the event there is no longer any need for an educational fund for the children and if the husband elects to not sell the Tennessee property, then, in that event, the husband and wife shall each receive one half of the net income of said property.
As our distinguished Presiding Judge Wright stated in Cochranv. Cochran, 49 Ala. App. 178, 269 So.2d 884 (1970), rev'd inpart, 289 Ala. 615, 269 So.2d 897 (1972), on remand,49 Ala. App. 749, 269 So.2d 905 (1972), it is the law in this state that a property settlement agreement incorporated in a divorce decree (such as we have here) is final and not modifiable. Seealso, Duboise v. Duboise, 275 Ala. 220, 153 So.2d 778 (1963);Sullivan v. Sullivan, 215 Ala. 627, 111 So. 911 (1927).
It is further the law in this state that in order to characterize an agreement between husband and wife entered into pursuant to a dissolution of the marriage, the trial court must look to the intent of the parties. DuValle v. DuValle, Ala.Civ.App., 348 So.2d 1067 (1977).
In this instance, while the original agreement-decree is not a paragon of clarity, nor does it necessarily provide for all possible contingencies, this court cannot say the trial court erred in finding the pertinent provision to be part of a property settlement.
The agreement-decree provides that the husband has the authority to decide that the Tennessee property should be sold. In that event, the proceeds from such sale are to be equally divided. However, upon the sale of the Tennessee property, the ex wife shall pay an additional $1,000 to the ex husband. Upon such payment the ex husband shall convey to the ex wife the Enterprise home.
Additionally, the ex wife testified to the effect that if the Tennessee property was sold she would be willing to pay the ex husband $1,000 and would expect to receive in return a conveyance of his interest in the Enterprise property.
With the agreement and decree before the trial court and the oral testimony presented, the trial court was free to conclude that the disposition of the parcels of *Page 311 
land was interdependent upon action by the parties and was the method selected by the parties to dispose of the property.
Summarizing, with the above agreement before the learned trial judge and the oral testimony presented, there is ample evidence to conclude that the agreement provided the means of disposing of the two parcels of land. Hence, a property settlement; hence, not subject to modification. See, Cochran v.Cochran, supra.
The case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.