This is a child support case.
The evidence disclosed the following: there was no provision regarding child support in the parties' 1977 divorce judgment. However, in December 1981 a judgment was rendered which required that Mr. Aplin (the father) pay to the former Mrs. Aplin (the mother) $300 per month commencing on January 1, 1982 as child support for their three minor children. Around the first of that year, Darlene, the fifteen year old daughter, commenced to continuously reside *Page 254 
with her father. The other two children are boys, aged nine and twelve years, who are, and have been, in their mother's custody. Since the 1981 judgment, the father has paid nothing to the mother for the support of either of the children.
Both parties have remarried and each of the parties, as well as their respective spouses, is employed. The mother's take-home pay is $143 per week and her present husband nets $198 weekly, but he must make certain payments due to obligations as to a previous marriage. The father's monthly take-home wages amount to $1,120; his present wife's net monthly income is $352 and his itemized expenses total $1,052 each month.
The mother's motion sought either to place the father in contempt of court or to obtain a monetary judgment against him for child support arrearage. The father's counterclaim averred that the mother was well able to contribute to the support of the children. He sought custody of Darlene, child support for her from the mother, and a reduction in the level of support which he is required to pay for the maintenance of the two boys.
After an ore tenus trial, the circuit court's judgment ascertained that the father was not in contempt of court but entered a judgment against the father for $1,200 for past due child support through June 1, 1982. The father was awarded Darlene's custody and the amount of child support which the father was thereafter required to pay to the mother was reduced to $200 per month.
The father's sole argument on appeal is that the trial court should have required the mother to contribute to the support of Darlene.
Where a father has custody of a minor child, the mother may be required to pay child support to the father, depending upon the circumstances of the case. Jenkins v. Jenkins,418 So.2d 137 (Ala.Civ.App. 1982); Williamson v. Williamson,391 So.2d 115 (Ala.Civ.App. 1980).
Here, the ore tenus rule applies. A trial court's judgment will not be disturbed on appeal unless there was such an abuse of discretion therein as to make it plainly and palpably wrong.Jenkins v. Jenkins, supra; Williamson v. Williamson, supra. In this case the state of the evidence discloses no abuse of discretion in not ordering the wife to contribute to Darlene's support. We affirm.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section 12-18-10
(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.