EDWARD N. SCRUGGS,
Retired Circuit Judge.
This case concerns the father’s arrearage for child support. Also, the mother was required to provide future support for the child.
The mother was granted custody of the minor child by the divorce decree of February 13, 1970. The father was ordered to pay fifteen dollars weekly for the child’s maintenance. In December 1983, the mother sought a judgment against the father for arrears in child support payments in the approximate amount of $9,135. The father counterclaimed that the mother should be required to pay a reasonable amount for the support and maintenance of the child. After an ore tenus trial, the learned trial court, in now pertinent part, determined in the final judgment as follows:
“The parties hereto were divorced in 1970 and primary custody of their minor child, Lee Ann Davis, was placed with her mother, the plaintiff herein. The defendant was ordered to pay the plaintiff child support. Payments were made for several months then the plaintiff left the State with the child and the defendant did not make any support payments for a number of years. The defendant contends the plaintiff secreted the child from his whereabouts and he was thus prevented from visiting with the child and did not know where the plaintiff was in order to present her with child support payments. The plaintiff somewhat disputes the contention of the defendant, but nevertheless, the support payments were not made for a number of years. In approximately 1980, the defendant secured physical custody of the child and subsequently the Court amended the earlier decree and placed legal custody of the child with her father. The plaintiff spent some time incarcerated, having been convicted of theft and the evidence reflects that she has a criminal record of shoplifting in a number of States. This action was commenced by the petition of the plaintiff seeking judgment against the defendant for child support in arrears. The plaintiff contends the defendant owes approximately $9,135.00. The defendant has answered and filed a counter-petition asking the plaintiff be held in contempt for interfering with his custody rights and also requests that the Court order the plaintiff to pay a reasonable amount for support and maintenance for the child.
*418 [[Image here]]
“There is no question but that the defendant failed to make support payments for a number of years and some arrear-age has accumulated. In that sense he has some indebtedness to the plaintiff. His non-payment did not constitute contempt and no judgment for the arrearage is entered for the plaintiff. In the opinion of the Court, the defendant is entitled to have the plaintiff pay to him a reasonable amount for the support and maintenance of the child now that the daughter is in his custody. A reasonable amount under the circumstances is ONE-HUNDRED FIFTY AND NO/lOO ($150.00) DOLLARS each month and the Court finds that responsibility owing from the plaintiff to the defendant. This support obligation is to continue until the minor child reaches the age of nineteen (19) years, marries, or becomes totally self-supporting.
“It is further the finding and opinion of the Court that the support ordered herein to be paid from the plaintiff to the defendant is to be offset from the arrear-age which has accumulated and is owing from the defendant to the plaintiff. This is to say that the plaintiff is not required to make the $150.00 monthly payments to the defendant and the defendant is not required to pay the plaintiff the support now in arrears. It is now the total responsibility of the defendant to provide the support and maintenance for the child of the parties. By the time the child reaches the age of majority and is no longer subject to the defendant for her daily support and maintenance, in the opinion of the Court, the arrearage owing from the defendant to the plaintiff and the support ordered herein to be paid from the plaintiff to the defendant will be offset and equal. Neither party will then be financially obligated to the other.”
The mother duly appealed. The father has not favored this court with a brief. We reverse and remand. In viewing the record with the attendant presumptions which are accorded to the trial court’s action, the following is revealed:
The father paid $1,560 as child support between the time of the divorce and February 22, 1972, the date of his last payment. He ceased to meet that weekly obligation when the parties argued and the mother informed him that she was tired of it, that she neither wanted nor needed the money, and that she was leaving this state. She and the child moved to Chicago in 1972 and, thereafter, resided in other cities. She now lives in Ohio. She has been sentenced in Kentucky and in Ohio for shoplifting. Her last husband, who was a bartender and a gambler but who supported the child for ten years, was murdered in 1981; and the mother testified that, as a consequence of that tragedy, she heavily used drugs and had no income, that the father would not provide for the child’s school clothing, and that she went back to shoplifting, which resulted in the Ohio sentence of from six to fifteen years. The mother served over nine months of that sentence, from September 1982 until June 1983, and was on parole at the time of the trial concerning the present litigation. She stated that she no longer uses drugs.
While the mother was still in the Ohio penitentiary, the father sent bus fare for the child to come to Alabama. He obtained a temporary custody order in November 1982 and a final custody order in April 1983. Since the daughter came to Alabama, the father has totally supported her. He has worked at the same job since before the divorce and presently makes $13.30 an hour as a heavy equipment operator. The mother’s monthly income at the time of the trial consisted of $227 A.D.C., which she received as aid from the state of Ohio for her fourteen-year-old son, a dependent child. For her six-year-old mongoloid son, she received each month $189 from his deceased father’s Social Security and $145 S.S.I., which is supplemental Social Security for that son’s disability.
The mother first complains that, while the trial court ascertained that there existed an arrearage in child support pay *419 ments due from the father, the trial court erred in not calculating the amount thereof and in refusing to enter a monetary judgment for that amount. We agree. In Ex parte Morgan, 440 So.2d 1069 (Ala.1983), it was determined that past-due installments of child support create a final monied judgment which may be collected as any other judgment, that a garnishment proceeding is a legally permitted method of collecting such a judgment, and that garnishment may be issued in such a case without first obtaining a judicial determination as to the amount of child support arrearage. While the Morgan case concerned a divorced mother’s right to bring a garnishment proceeding to collect delinquent child support payments without such judicial ascertainment of an arrearage, in the instant case the mother requested that the trial court first calculate the arrearage in preference to seeking garnishment against the father’s employer for an amount which was uncertain.
The father admitted that he failed to pay the fifteen dollars weekly child support payments, or to otherwise provide for the support of the child, for a number of years starting on February 22, 1972, and that his delinquency continued at least until he started to totally support the child. While the latter date was uncertain under the evidence, a final judgment for fifteen dollars was automatically entered against the father each time that he failed to make the required weekly payment. Ex parte Morgan, 440 So.2d 1069.
The trial court did not calculate the ar-rearage and, in effect, eliminated the final judgments for past-due support which the mother already possessed. By refusing to calculate the arrearage and in failing to enter a monetary judgment therefor, the learned trial court prevented the collection of the accrued final judgments by execution, garnishment, or any other legal process. In this respect the trial court erred.
The mother contends that the trial court should not have required her to pay child support of $150 per month to the father by allowing credit of $150 each future month against the father’s undetermined arrearage. If a father has legal custody of a minor child, the mother may be required, under appropriate circumstances, to pay child support to the father and, under the ore tenus rule, a trial court’s judgment will not be disturbed upon appeal unless it was so unsupported by the evidence as to be plainly wrong and an abuse of discretion. Aplin v. Aplin, 423 So.2d 253 (Ala.Civ.App.1982). The needs of the daughter and the means of the parents to provide for her support are among the matters to be considered by a trial court in deciding the amount of child support and, in structuring the judgment, the trial court may not ignore the ability of the parents to pay. Stubbs v. Puls, 429 So.2d 1071 (Ala.Civ.App.1983).
Here, there was a total absence of evidence as to the needs of the daughter. The only evidence as to the ability of the parents to pay was that the father earned $13.30 per hour as wages (which, for forty hour weeks, would average about $2,300 as gross pay per month) and that the mother received from various state and federal agencies the total monthly amount of $561 for the support of her two sons, the six-year old being a mongoloid. The mother was not employed. There was no evidence of the monthly expenses which are incurred by either party. While there was evidence that the father has remarried, the testimony does not reveal how many persons are his dependents. Under these circumstances, we must hold that the evidence did not support an award to the father of $150 monthly from the mother as child support. Where governmental agencies provide funds to a mother for the support of a particular child or certain children, as a general rule, a trial court may not order those funds to be paid by the mother to a third person to be used for the support of another child who is not entitled thereto as a beneficiary of those agency funds.
For the foregoing reasons, the judgment of the trial court is reversed and this cause is remanded for the entry of a judgment which is consistent with this opinion.
*420 The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur.