This is a divorce case.
The parties were divorced by order of the Montgomery County Circuit Court on June 29, 1983. A separation agreement executed by the parties was incorporated into the final divorce decree. The agreement provided for division of property, custody of one minor child, and responsibility for past and future debts.
Neither party appealed from the final decree.
In January 1984, the wife petitioned the trial court to cite the husband for contempt. She alleged that he had failed to honor the agreement. The husband then filed a counterpetition, seeking among other relief, to have the separation agreement set aside under Rule 60 (b), A.R.Civ.P.
After an ore tenus hearing, the trial court found the husband in partial contempt of court. The trial court denied the husband's motion to set aside the decree, and entered the following directives:
 "2. That Hussain A. Mashatt is in contempt of Court for having failed to abide by the Orders of this Court pertaining to the payment of the balance of $70,000.00 payable to Mrs. Mashatt under paragraph 4 (c) of the Court's Decree of Divorce dated the 29th day of June, 1983. Said payment of $70,000.00 is payable immediately and in addition thereto *Page 609 
Mr. Mashatt shall pay interest on the entire $80,000.00 due under said provision at the rate of 7% from January 22, 1984, through the date said payment is due or paid in full.
 "3. Mrs. Mashatt shall be responsible for the bill to Shell Oil Company included in Petitioner's Exhibit 10 except for those bills incurred prior to April 1, 1983.
 "4. Dr. Mashatt shall be responsible for the payment of bills included in Defendant's Exhibit 3 (Mastercard) and medical bills not included in Defendant's Exhibit 3 amounting to $579.89.
 "5. Mrs. Mashatt shall return to Dr. Mashatt the items listed on the Plaintiff's Exhibit 7 which are in her possession.
 "6. Mrs. Mashatt is awarded attorney's fees and costs to be paid by Dr. Mashatt in the sum of $1,346.65. Mrs. Mashatt is awarded a judgment for said amount for which execution may issue.
 "7. All other relief prayed for by the parties is hereby denied."
From that final order, both parties appeal.
Essentially, the wife's contention of error is that the trial court failed to fully enforce as written the agreement between the parties. The husband, in response, contends that the trial court, (1) did not err in its rulings regarding division of property and payment of debts, but (2) committed error by failing to set aside the separation agreement and by requiring the husband to make an immediate $70,000 payment to the wife.
The record reveals the following facts:
The parties were married for approximately seven years. Each had been married previously. The wife had a minor son who was legally adopted by the husband when the parties married. Each party brought substantial assets to the marriage, and the wife inherited additional property during the marriage.
Differences arose between the parties, and the wife filed suit for divorce. The parties sought and obtained various restraining orders against each other to prevent disposition of assets, and their personal property was eventually placed in the hands of a court-appointed trustee.
After repeated negotiation, the parties entered into a separation agreement. Both parties were represented by counsel, and both initialed each page of the agreement and signed it. The agreement was incorporated without objection into the final decree of divorce. After the agreement was signed and the divorce decree entered, the trial court dissolved the restraining orders and released the parties' assets.
In January 1984, the wife filed a petition for a contempt citation against the husband, seeking to enforce the separation agreement. The agreement, which was quite lengthy and detailed, provided, among other things, that the husband was to pay to the wife $80,000 as a property settlement. It also provided that the husband was to give certain of their personal belongings to the wife and son. The agreement further provided that the husband was to keep the minor child covered by hospitalization insurance and to pay his medical bills until age twenty-two, and that the husband was to be responsible for certain other debts, which were or might be incurred after March 31, 1983.
In reviewing the judgment of a trial court in a divorce case, there is a presumption of correctness when the court heard testimony and observed witnesses. That judgment will not be reversed by this court unless the result was so unsupported by the evidence as to be a clear and palpable abuse of discretion.Klyce v. Klyce, 429 So.2d 1081 (Ala.Civ.App. 1983).
First, we address the propriety of the trial court's refusal to grant the husband's motion to set aside the separation agreement. A trial court has wide discretion in determining whether to grant relief pursuant to Rule 60 (b), A.R.Civ.P., and its ruling will be affirmed unless there is an abuse of that discretion. Rodgers v. Rodgers, 424 So.2d 647
(Ala.Civ.App. 1982).
Here, the husband did not ask that the separation agreement be set aside, until the wife filed her contempt petition six months after the final divorce decree. The husband offers several justifications for waiting *Page 610 
so long. Only one of them merits discussion. He contends that he had ineffective assistance of counsel at the time of the signing of the agreement and immediately afterward. There is some evidence to support his contention that he was subjected to pressure by his attorney at the time of the signing of the agreement. (He has had five attorneys during the divorce proceedings.) However, he was sophisticated enough to discharge his attorneys frequently and to hire new ones, and if dissatisfied "after the fact" with signing the agreement, had ample time to hire another attorney and then seek to have the agreement set aside.
At any rate, the separation agreement which he seeks to set aside is one which is most favorable toward him. The agreement contains no provisions for alimony or child support to be paid by the husband. The wife agreed to accept $80,000 as a property settlement (from a substantial estate) and to take the personal belongings of herself and her minor son. The agreements to pay medical expenses and various other bills are not oppressive for a man of the husband's income and assets.
Barring fraud and duress, we follow the standard rule that a property settlement agreement incorporated into a divorce decree is final and not modifiable. Davis v. Cole,399 So.2d 309 (Ala.Civ.App. 1981). The trial court, by adopting a separation agreement, merges the agreement into its final decree. Fox v. Dick, 389 So.2d 940 (Ala.Civ.App. 1980). As in this case, where a separation agreement complained of was not only signed by both parties but incorporated into the divorce decree at their request, the former husband was estopped from challenging its validity. Brothers v. Vickers, 406 So.2d 955
(Ala.Civ.App. 1981).
Based on the above, the separation agreement between the parties should have been enforced by the trial court. Therefore, the court was correct in ordering the husband to immediately pay to the wife the sum of $70,000, which represents the balance of the property settlement. According to the terms of the agreement, however, the wife is not responsible for all Shell Oil Company charges incurred after April 1, 1983. She is only responsible for those unauthorized charges incurred on her personal credit card, # 20001. Consequently, that portion of the trial court's order regarding Shell charges is in error. Also, the minor son should have his personal belongings returned to him by the father, including the Yamaha trailbike and any title documents or tag receipts which the husband has that belong with the same. The court directed the wife to carry out the agreement by returning the husband's personal belongings to him. The court should also order the return of the wife's personal belongings to her, or enter a finding that proper division has been accomplished. The husband should be ordered to supply the minor son with a medical card, and to pay all medical and other bills he has agreed to pay — past, present and future.
This case is affirmed in part, reversed in part, and remanded with direction to the trial court to enter an order not inconsistent with the separation agreement and this opinion. The wife is granted the sum of $500 as attorney fees for her appeal.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
BRADLEY and HOLMES, JJ., concur.