This is a divorce case.
After an ore tenus hearing, the trial court divorced the parties, awarded primary custody of the two minor children to the husband, and made a division of property.
The wife appeals, contending that the trial court erred in the custody award and in the division of property. We find no error requiring reversal and affirm.
We deem it neither necessary nor prudent to set out in detail the facts of this appeal. Viewing the record with the attendant presumptions accorded the trial court's action, the following facts are sufficient.
After a nine and one-half year marriage, the parties were divorced. Custody of the parties' twin, four-year-old boys was awarded to the husband with liberal visitation rights awarded to the wife.
The trial court also made a division of property, giving the marital home, the primary asset of the marriage, to the husband and awarding a sum of money to the wife for her interest in the home. Other marital property was divided equally between the parties.
The dispositive issue on appeal is whether the trial court abused its discretion in the areas of child custody and division of property. *Page 861 
We first note that the ore tenus rule is well established. When the trial court personally hears the evidence, as in the instant appeal, the judgment appealed from is presumed to be correct on appeal. The judgment cannot be altered on appeal if it is supported by legal evidence unless the trial court's decision was palpably wrong. See Austin v. Austin,408 So.2d 138, 140 (Ala.Civ.App. 1981).
The cases are legion which hold that matters in divorce cases, such as the division of property and child custody, are subjects that fall within the sound judicial discretion of the trial court. See generally Marr v. Marr, 383 So.2d 194, 195
(Ala.Civ.App. 1980); Eubanks v. Eubanks, 52 Ala. App. 224, 226,291 So.2d 159, 161 (1974). Division of property: Harris v.Harris, 390 So.2d 293, 293 (Ala.Civ.App. 1980); Jackett v.Jackett, 380 So.2d 919, 920 (Ala.Civ.App. 1980). Child custody:Collum v. Collum, 53 Ala. App. 6, 9, 296 So.2d 907, 909 (1974);Linderman v. Linderman, 49 Ala. App. 662, 665, 275 So.2d 342,344 (1973).
We also note, in relation to child custody, in this instance, the above is especially appropriate when considering the fact that there is no longer a "tender years" presumption. See Exparte Devine, 398 So.2d 686, 695 (Ala. 1981).
Here, with respect to child custody, there was evidence that both parents worked; however, the husband's work schedule appears to be better suited for the care of the children. Additionally, the mother was awarded very liberal visitation rights, which would allow her to have custody of the children for approximately 130 days each year.
In relation to the division of property, the wife was awarded a sum of money for her "interest" in the marital home and was given other marital property. In fact, the evidence supports a conclusion that the wife was awarded a sum, to be paid by the husband, equalling over one-half of the equity in the home.
In division of property, the proportion or share of property given to each spouse does not have to be equal, but must only be equitable and graduated according to the nature of the case.Fuller v. Fuller, 418 So.2d 121, 124 (Ala.Civ.App. 1981). Here, in fact, the award to the wife appears to be more than equal, and, furthermore, the trial court's action awarding the husband the marital abode is apparently appropriate in view of his having primary custody of the children.
Suffice it to say that, after a review of all the testimony, the entire record before the court, and the briefs of able counsel, we cannot say that the learned trial judge abused his discretion in the child custody award and in the division of property; in fact, he was extremely fair to all concerned.
The husband has requested a fee for representation on appeal. A fee of $500 is hereby awarded.
This case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.