This is a post-divorce child support case.
The parties have been divorced for a number of years. The mother was initially awarded the custody of their two children, and the father was ordered to pay thirty dollars per week for their support. On September 5, 1984, a consent judgment granted to the father the custody of the two children. They are now ten and twelve years of age. On October 31, 1984, the father sought child support from the mother, and on January 11, 1985, the trial court awarded him thirty dollars each week from her. The mother filed a motion for a new trial or, in the alternative, to modify that January judgment.
After an evidentiary hearing, a judgment had been entered on November 5, 1984, in favor of the mother and against the father in the amount of $4,599.71 for the father's arrearage in child support. He had become delinquent at a time when the mother had custody of the children and at a time when the father was required to pay the thirty dollars per week child support. The mother had garnishment issued upon her monetary judgment on January 4, 1985. On February 26, 1985, the father moved to dissolve the garnishment because his disposable income was reduced by seventy dollars each week as a result of the garnishment. He alleged that the money withheld by garnishment is needed by him for the proper support of the children and that it was unjust for the mother to be receiving that seventy dollars per week since the children are no longer in her custody and since she is now required to pay thirty dollars per week to him as child support.
Some ore tenus testimony was taken, and the trial court overruled the mother's motion to modify and granted the father's motion. Thereby, the mother's garnishment was dissolved. It was further ordered that the amount previously withheld by the father's employer under the garnishment *Page 63 
be paid to the mother and credited upon her November 1984 judgment and that her thirty dollars per week child support payments to the father be credited against the balance of that judgment against the father until it is fully satisfied. The mother duly appealed and raises two issues.
 I
She first contends that the trial court erred in granting the father's motion to dissolve the garnishment. We agree.
The evidence relative to that motion follows. The father readily admitted that he was delinquent in the payment of child support to the mother in the amount of $4,599.71, the identical amount of the judgment which was rendered against him. He testified that his employer was withholding twenty-five percent of his wages because of the mother's garnishment proceedings. It amounted to between $75 and $100 each week, and he stated in a general manner without any specific elaboration that such loss of income is causing him some serious problems in supporting himself and the children. His wages after taxes for the past two weeks exceeded $400 each week.
Both sides consider the father's motion to be a Rule 60 (b), Alabama Rules of Civil Procedure, motion. However, his motion stated no legal ground which would support a motion under that rule, and the evidence was insufficient to uphold the granting of it. All that the evidence discloses is that it is a hardship upon him to pay the judgment via the garnishment, which is probably true in practically every instance where garnishment is issued against wages. "Relief under Rule 60 (b)(6) is reserved for extraordinary circumstances, and is available only in cases of extreme hardship or injustice." Douglass v. CapitalCity Church of the Nazarene, 443 So.2d 917, 920 (Ala. 1983). Here, the averments of his petition and the circumstances as disclosed by the evidence do not meet those requirements.
Additionally, even if it be construed to be a Solomonic judgment upon the issues therein decided, the judgment which dissolved the garnishment proceedings was contrary to law, for past-due installments of child support create final monied judgments which may be collected by garnishment as any other judgment. Ex parte Morgan, 440 So.2d 1069 (Ala 1983). By dissolving the garnishment proceedings, the learned trial court prevented the collection of the judgment and thereby erred.Gibson v. Davis, 457 So.2d 416 (Ala.Civ.App. 1984); Stewart v.Johnson, 401 So.2d 101 (Ala.Civ.App. 1981).
Upon remand the trial court shall enter a judgment setting aside that portion of its March 6, 1985, judgment which dissolved the mother's garnishment proceedings, and the writ of garnishment shall be reinstated.
 II
The mother next argues that the trial court erred in not relieving her of her child support obligations because of a material change in her circumstances in that she recently lost her employment.
The mother and her present husband testified that she is presently without work. A letter was introduced from her employer to the effect that the employer had gone out of business as of February 15, 1985. However, there was a scintilla of evidence that the mother was still working, for her daughter testified that, around March 1 or 2, 1985, the mother had told her that, when the mother got off from work, she would call the children. The mother anticipates that she will be entitled to draw unemployment compensation.
Under the ore tenus rule, the trial court's action in overruling the mother's motion to be relieved from her child support obligation is presumed to be correct and will not be disturbed upon appeal unless it was so unsupported by the evidence as to be plainly wrong. Aplin v. Aplin, 423 So.2d 253
(Ala.Civ.App. 1982). Modification of a prior judgment for child support is a matter which falls within the judicial discretion of the trial court. Brothers v. *Page 64 Vickers, 406 So.2d 955 (Ala.Civ.App. 1981). Although the preponderance of the evidence was to the effect that the mother was unemployed, there was evidence before the trial court which supported the action of the trial court in overruling the mother's motion that her support of the children be terminated. We are not authorized to weigh the evidence, and we cannot substitute our judgment for that of the trial court. The trial court did not abuse its discretion. Consequently, we affirm the judgment of the trial court upon this issue.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED IN PART; REVERSED AND REMANDED IN PART WITH DIRECTIONS.
All the Judges concur.