This is a child support and custody modification case.
The parties were divorced by decree of the Circuit Court of Mobile County on March 16, 1978. The decree provided, in pertinent part, that custody of the two minor children born of the marriage was to be jointly retained by the parties so long as they both resided in Mobile County, Alabama. In the event that either party removed his or her residence from Mobile County, custody was to revert to the remaining parent. This decree also provided that the father was to pay to the mother: "2 . . . . the sum of Two Hundred Dollars and no/100 ($200.00) per month per child as child support for each of the two minor children." Additionally, the decree required the father to pay for the private schooling of these two children so long as they were residing in Mobile County.
Two months after the rendition of the above decree, the mother remarried and moved to Colorado with her new husband. The children remained with the father in Mobile. Subsequently, the parties entered into and jointly filed an agreement and petition to modify the judgment of divorce. The agreement provided for the vesting of custody fully in the father and explicitly set out visitation privileges for the mother and her parents. The agreement did not mention the child support award made in the 1978 divorce decree. On March 9, 1981 the court issued an order based on and in accordance with the agreement. This order made no alteration in the child support award of 1978. No further action between the parties occurred until August 1984, when the mother filed a motion for rule nisi, alleging child support arrearage in the amount of $5,600. This motion was later amended to reflect an increase in the amount of arrearage claimed, arrearage for dental expenses incurred, and to request custody of both children. The father thereafter filed a response and counterclaimed for an award of child support against the mother.
After a trial before the court, an order was rendered, dated January 28, 1985. This order awarded custody of the minor son, Jonathan Northcutt, to the mother and reaffirmed custody of the minor daughter, Catherine Dillard, in the father. The mother was also awarded a judgment in the amount of $3,600 representing child support arrearage. Additionally, this decree provided that the father was to pay to the mother $200 per month as child support for the son. There was no award of child support payable to the father for the support of the daughter. Upon motion to reconsider, the court modified its previous order to require the father to pay the $200 per month award of child support to the maternal grandparents. The father appeals from this decree.
The father's first issue on appeal is that the trial court erred in awarding the mother a $3,600 arrearage judgment. He argues that there was no existing order which mandated child support payments and, therefore, no basis for an arrearage. The mother asserts that she is entitled to these payments by virtue of the original decree of divorce which required monthly support.
The 1978 decree did require the father to pay the mother $200 a month as child support, but it also provided that should either party remove herself or himself from Mobile, Alabama full custody of the children would revert to the parent remaining in Mobile. As noted previously, shortly after the divorce the mother left Mobile, moving to Colorado, and the father became full legal custodian of the two children. The divorce decree made no provision for the payment of child support in the event that the father became the full custodian of the children as a result of the mother's moving from Mobile.
In March 1981, pursuant to the aforementioned agreement of the parties, the trial court modified the 1978 decree by vesting full custody of the two children in the father and by giving the mother certain *Page 1241 
visitation rights. Again, however, no mention was made in the agreement or the modification decree about the $200 a month child support award made to the mother in the original decree.
The father vigorously argues that he cannot be required to pay the mother child support when he has been the custodian of the children almost entirely since the 1978 divorce decree. The mother, in reply, concedes that the father has been the children's custodian and that the children, especially the daughter, have lived with the father for the period in question and that the father has supported them. There is evidence in the record that the son has spent about sixteen to eighteen months of the period in question with the mother or the maternal grandparents. The mother says, however, that the decree awarding her child support has never been changed and she is, therefore, entitled to child support for the time the son has been with her.
Granted, child support payments ordinarily become vested unless modified by petition. Further, our cases have consistently held that child support payments may not be unilaterally reduced nor automatically modified where the decree does not so provide. See, e.g., Smith v. Smith,443 So.2d 43 (Ala.Civ.App. 1983). Past-due child support payments become judgments and are thereafter unmodifiable. Andrews v.Andrews, 437 So.2d 1306 (Ala.Civ.App. 1983).
In the case at bar, however, the child support provision of the divorce decree was automatically modified by the other provisions of that decree. As provided in the 1978 decree, when the mother moved to Colorado, the father became the sole custodian of the children. Also, the 1981 modification decree maintained sole custody of the children in the father and liberalized the mother's visitation rights.
A father is required by the law of this state and by basic morality to support his children even though he is not the custodian of them. Hamilton v. Hamilton, 428 So.2d 65
(Ala.Civ.App. 1983). But in the case at bar the evidence shows that not only was the father supporting his children, he was their legal custodian.
In Modling v. Modling, 232 So.2d 673 (Ala.Civ.App. 1970), we held that a noncustodial parent with only visitation privileges was not entitled to child support for the time the child was visiting with that parent. We conclude, therefore, that when the father became the legal custodian of his children under the terms of the 1978 decree the requirement that he pay the mother child support was effectively terminated. We also hold that once the father became the children's legal custodian the noncustodial parent was no longer entitled to child support. Consequently, we find that the trial court erred in ordering the father to pay child support arrearage in the amount of $3,600.
The next issue presented for our review deals with the trial court's order changing custody of the son from the father to the mother. The father asserts that the mother voluntarily abandoned the child, that he is the only stable factor in the child's life, and that there is no evidence which indicates that a change of custody would materially promote the child's best interests. The mother argues that the father has had a great deal of difficulty with the son and that he has lived with her or her parents over eighteen months since September 1981.
A parent who voluntarily forfeits custody of a child will not be permitted to reclaim custody unless that parent can show that a change of custody will materially promote the child's best interests and welfare. Ex parte McLendon, 455 So.2d 863
(Ala. 1984). In the present case it appears that the mother did in fact voluntarily relinquish custody of her son. However, after careful review of the record, we find that the circumstances in this case support the change in custody. The record reflects that both parents had experienced a great deal of difficulty in exerting control over the son. There was evidence that the father had told the son to abide by his rules or leave, and that the son left his father's *Page 1242 
house. There was also evidence that beginning in 1981 the son traveled back and forth between his parents and grandparents as he pleased. At the time of the hearing Jonathan was seventeen years old and was living with his mother in Colorado. Prior to this, he had been living with his maternal grandparents. Although it was conceded by both parents that the son was difficult to control, it appears from the evidence that the mother and maternal grandparents had recently had more effect on the son than had the father.
The trial court observed that the son is "going to do whatever he wants to do," and the evidence supports that observation. However, it does appear from the evidence that the son will probably spend more time with his mother and maternal grandparents than with the father. Consequently, we cannot say that the trial court's finding that the son's best interests will be served by being in the custody of his mother is erroneous.
Next, the father argues that the trial court erred in requiring him to make the child support payments to the maternal grandparents rather than to the mother, who is the child's custodian. While it is true that the grandparents are not the child's custodian, the record shows that the child has spent a lot of time with the grandparents in the last couple of years and that he will probably spend more time with them in the immediate future.
Child support is, of course, for the benefit of the child and not for the support or benefit of a parent or grandparent.Baker v. Baker, 418 So.2d 134 (Ala.Civ.App. 1982). Although the court gave custody of the son to the mother, the award of child support to the maternal grandparents, in this case, is not unreasonable. The son, for the remainder of his minority, which is about a year, will probably stay with the maternal grandparents; hence, the requirement that support money be paid to them is not misplaced.
Another issue raised by the father is that the trial court abused its discretion by refusing to order the mother to pay child support to him for the support of their daughter. He says that he needs the help and that the mother is financially able to contribute to the daughter's support.
Depending on the circumstances of the case, a mother may be required to pay child support to the father who is the custodian of the child. Aplin v. Aplin, 423 So.2d 253
(Ala.Civ.App. 1982). In deciding whether to require a parent to pay child support, the trial court should consider the needs of the child and the ability of that parent to respond to the child's needs. Gibson v. Davis, 457 So.2d 416 (Ala.Civ.App. 1984).
In the case at bar there was no evidence that the father, the legal custodian of the daughter, was unable to provide for his daughter's needs or that he was not providing for her needs. Consequently, the trial court's refusal to require the mother to pay the father child support for the daughter was not so plainly wrong as to be an abuse of the court's discretion.Gibson v. Davis, supra.
Another issue raised by the father relates to the visitation schedule of the daughter with the mother. He says the visitation schedule established by the court is impractical in view of the distance the mother would have to travel to be able to benefit from this arrangement. As noted above, the mother lives in Colorado and she was given visitation for six weeks during the summer, a certain period around Christmas, and alternate weekends during the remainder of the year.
The trial court has broad discretion in setting visitation schedules, and its order establishing such visitation schedule will not be reversed except for a palpable abuse of discretion.Hagler v. Hagler, 460 So.2d 187 (Ala.Civ.App. 1984).
There was evidence in the record that the father had failed to accord the mother visitation with the daughter for various reasons, and it appears that the trial court was attempting to eliminate some of these problems and to assure the *Page 1243 
mother that the child would be available for visitation at the assigned times. No error here.
Finally, the father argues that the trial court erred in awarding an attorney's fee to the mother. He correctly states that if a party is not found in contempt pursuant to a rule nisi motion then attorney's fees are not warranted. Johnson v.Johnson, 469 So.2d 116 (Ala.Civ.App. 1985). He says that he was not found in contempt and, therefore, he should not be required to pay an attorney's fee.
The record indicates that the mother's initial pleading was in fact captioned as a motion for rule nisi. However, this motion was subsequently amended to include a request for modification of the previous custody arrangement.
A child custody modification case will support the award of an attorney's fee. The award of the attorney's fee in the case at bar can be attributed to the request for modification of child custody. Aplin v. Aplin, supra.
The mother's request for attorney's fee on appeal is denied. § 30-2-54, Code 1975.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR ENTRY OF JUDGMENT CONSISTENT WITH THIS OPINION.
WRIGHT, P.J., and HOLMES, J., concur.