BRADLEY, Judge.
This is a divorce case.
Linda and Jimmy Vandiver were married in 1964. They have three sons, two of whom are emancipated. Their youngest son, Jonathan, is seventeen years old and is an incompetent who is totally incapable of caring for himself and who requires constant care.
In December 1983 the wife moved out of the couple’s home, and in June 1984 she filed for divorce. A hearing was held in August 1985, and the court issued the divorce decree in October 1985.
The divorce decree awarded custody of Jonathan to the husband and provided that any decision regarding commitment of Jonathan to an institution was to be made solely by the husband. The wife was ordered to pay $15 per week as child support for Jonathan for as long as he is unable to care for himself. She was also made responsible for one-half of Jonathan’s medical, hospital, and dental expenses.
The divorce decree also declared the husband and wife to be joint owners of the marital home and four acres of land. The husband was given the right to live in the house as long as it was used as a residence for Jonathan. When Jonathan no longer resides there, then the property is to be sold at a public sale arid the proceeds divided equally between the husband and wife.
In November 1985 the wife filed a motion to alter, amend, or vacate the judgment. The motion was denied and the wife appeals.
On appeal, the wife contends that the trial court erred when it: (1) divested her of her interest in the realty and personalty acquired during the course of the marriage; (2) disallowed the sale of the jointly owned marital home and the equal division of the proceeds therefrom for as long as Jonathan resides in that house; (3) gave the husband absolute and sole discretion to determine whether to institutionalize Jonathan; and (4) ordered her to pay child support and one-half of Jonathan’s medical, hospital, and dental expenses.
On appeal the trial court’s decision is presumed to be correct when the trial court has had an opportunity to hear the testimony and observe the witnesses while testifying. Mashatt v. Mashatt, 469 So.2d 607 (Ala.Civ.App.1984). The contentions of the wife deal either with the division of property or with the care and custody of the couple’s dependent child. These are matters which rest within the discretion of the trial court and an exercise of that discretion will not be disturbed on appeal unless there is a showing of palpable abuse. Hartselle v. Hartselle, 475 So.2d 860 (Ala.Civ.App.1985); *253 Carnaggio v. Carnaggio, 475 So.2d 861 (Ala.Civ.App.1985).
I.
Wife’s first argument that the trial court erred in failing to award her an equitable interest in some property acquired by the husband subsequent to their separation is not supported by citation of authority. The failure of an appellant to support an argument with citations of authority authorizes this court to pretermit a consideration of that issue. Rapaco, Inc. v. Agee, 453 So.2d 1048 (Ala.Civ.App.1984).
Notwithstanding our prerogative to not consider this issue, we note that at trial the wife testified that she did not want any property other than her personal property and family pictures. These she received. We perceive no error in this aspect of the trial court’s decree.
II.
The divorce decree “tied” the sale of the marital home to the residence therein of Jonathan, the couple’s handicapped son. The wife contends that the trial court erred by not ordering husband to buy her one-half of the property at its market value or ordering the husband to sell the house, divide the proceeds with her, and rent another place for himself and Jonathan.
An examination of the record will reveal that the wife was not deprived of her interest in the marital home. She is still a joint owner of the property and will receive one-half of the proceeds from a sale when one is made. Moreover, the decision by the trial court to allow the husband, who is the custodial parent, to retain possession of the house during the time the child is living with him is not improper. Hartselle, supra. No error here.
III.
The wife also argues that the trial court erred when it granted the husband sole discretion to determine whether Jonathan should be institutionalized.
At the hearing the husband expressed a desire to have custody of Jonathan and to care for him. When the trial court awarded custody to the husband, it gave him the sole discretion to decide when and if to institutionalize his son. In making such a decision, the trial court could have reasonably concluded that the father, being the child’s custodian and providing daily care for him, would be in the best position to make such a determination. We do not find this decision to be plainly and palpably wrong.
IV.
The wife’s final contention is that she should not be required to pay child support since, according to the evidence, she cannot afford to pay and the husband is capable of providing for the son. The award of child support requires the trial court to consider the needs of the child and the ability of the parent to respond to those needs. Cunningham v. Cunningham, 480 So.2d 1238 (Ala.Civ.App.1985). Depending on the circumstances of the case, a noncustodial mother may be required to pay child support to the custodial father. Cunningham, supra.
In Jenkins v. Jenkins, 418 So.2d 137 (Ala.Civ.App.1982), we held that a noncustodial mother may be required to contribute to the support of her child, and that it was not necessary to show that the father was unable to provide the necessary support. We then said: “The issue of child support should not be viewed as a contest between the parents. The concern of the court must be the best interests of the child whose welfare is at stake.”
In the case at bar the trial court heard testimony that the child in question was an incompetent and was totally dependent on the care of others. It was also shown that these needs would increase and become more costly to provide as the child grows older.
The father was shown to have an income of about $22,000 a year, but the cost of a daily attendant for the child was $300 a month. Also, it was shown that the *254 present attendant was a fairly small woman and that she might not be able to handle the child for very much longer.
Considering the present and future needs of the child, we cannot say that the father does not and will not need help with these expenses. Nor can we say that the order requiring the wife to contribute $15 per week to the payment of these expenses is an unreasonable one. The wife is presently earning $150 a week and, according to the evidence, her prospects for the future are good.
We find no abuse of the trial court’s discretion in this aspect of the case.
The wife’s request for an attorney’s fee on appeal is denied.
This decree of the trial court is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J„ concur.