This appeal involves child support.
The parties were divorced in July 1977, and the defendant husband was ordered by the final judgment therein to pay certain child support and to provide medical and hospital insurance for their two minor children. Ten years later, the plaintiff, the former wife, filed the present proceedings, whereby she sought to place the defendant in contempt of court for his failure to provide the medical insurance and because he had not paid the ordered child support. She also asked for an increase in child support.
At the trial, she indicated to the trial court that, while she did not necessarily desire to place the defendant in jail, she wanted, at least, a judgment against him for his arrearages and that the only remaining minor child's support should be increased. The plaintiff testified that the defendant's support payments were nine weeks in arrears for the year 1978 and that he had not paid any child support since 1978, except for some recent payments which he had made after she filed the latest petition. The child support arrearage amounted to $23,345, after giving credit for those few recent payments. The defendant testified that he had occasionally given money to the plaintiff and to the children, but that he did not have any conception or proof of when the payments were made or the amounts thereof. The defendant has a very spotty job history.
The plaintiff further testified without contradiction that the defendant had failed for the previous ten years to maintain any medical insurance for the children. The plaintiff had furnished it at an average cost to her of $50 per month. The plaintiff sought to recover that $6,000 from the defendant.
After the ore tenus trial, a judgment was entered by the trial court which adjudged that the defendant was not in contempt of court, that the child support payments be decreased from $50 per week to $100 per month, that the requirement that the defendant maintain the children's health insurance be eliminated, and that all other relief be denied. The plaintiff appealed after her motion to alter or amend the judgment was overruled.
We have thoroughly reviewed all of the evidence. While we might have decided the issues differently, we cannot hold that the trial court abused its discretion either in establishing the defendant's future child support payments at $100 per month or in its finding regarding the contempt matter. Those aspects of the judgment are affirmed. However, the trial court clearly erred in not calculating the defendant's child support arrearage and for not entering a judgment for that arrearage together with the cost of the children's medical insurance which the plaintiff paid during the past ten years.
Past due installments of child support create a final monied judgment therefor. Ex parte Morgan, 440 So.2d 1069 (Ala. 1983). Child support payments that mature before the filing of a petition are immune from change. Petty v. Petty, 479 So.2d 1288
(Ala.Civ.App. 1985). When the trial court did not calculate the amount of the arrearage for child support and did not enter a monetary judgment therefor, the trial court, in effect, erroneously eliminated the final judgments for past due support which the plaintiff already possessed, and those failures of the trial court would prevent the collection of the accrued final judgments. Gibson v. Davis, 457 So.2d 416 (Ala.Civ.App. 1984); also see Latham v. Latham, 479 So.2d 61 (Ala.Civ.App. 1985).
Additionally, the trial court should have ordered the defendant to reimburse the plaintiff for the $6,000 in premiums which the plaintiff had paid for the children's health insurance, which payments were occasioned by the defendant's failure to maintain the policy as was ordered by the divorce judgment. Dawson v. Dawson, 453 So.2d 1054 (Ala.Civ.App. 1984).
For the above errors, we reverse and remand those aspects of the case to the *Page 651 
trial court for the entry of a judgment thereon which complies with this opinion. No further evidence shall be taken.
Because of certain observations which were made by the trial court during the course of the trial, we note that the following rules of law should be followed on remand. A father should not be allowed credits against his child support arrearage where he has presented no proof pertaining to the monetary amount of the credits. Stringer v. Sheffield,451 So.2d 320 (Ala.Civ.App. 1984). When the support of more than one child was originally involved and one of the children thereafter reaches his majority, the previously ordered child support is not automatically modified thereby, since such fact only provides cause for seeking child support modification.Smith v. Smith, 443 So.2d 43 (Ala.Civ.App. 1983); also seeRoberts v. Roberts, 357 So.2d 150 (Ala.Civ.App. 1977), cert.denied, 357 So.2d 154 (Ala. 1978). Interest must be computed upon both the support arrearage and the insurance premium reimbursement and must be included in the judgment. Argo v.Argo, 467 So.2d 258 (Ala.Civ.App. 1985).
The defendant shall pay to the plaintiff the sum of $500.00 to be applied upon the plaintiff's attorney's fee as to this appeal.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED IN PART; REVERSED AND REMANDED IN PART WITH DIRECTIONS.
All the Judges concur.