L. CHARLES WRIGHT, Retired Appellate Judge.
This is a modification of a final divorce decree.
Doris and George Martin were divorced in 1977. Facts applicable to the original divorce decree can be found in our prior opinion, Martin v. Martin, 494 So.2d 97 (Ala.Civ.App.1986). In that proceeding, we determined that George Martin was partially responsible for the support and maintenance of Angela Martin, the parties’ adult invalid child.
For purposes of this appeal, the pertinent part of the 1977 divorce decree now in dispute is as follows:
“4. That the title to the following described property, namely;
“Lot No. 5, Block ‘G,’ of Valley Hills Subdivision, ...
[[Image here]]
remains unchanged. The mortgage payment shall be paid by the defendant, George Martin. Upon the age of majority of the children, the real estate shall be *284 sold either at public or private sale and after payment of expenses, the proceeds divided one-half and one-half between the plaintiff and defendant.
“5. That the mother and minor children are permitted possession and occupancy of the residence at 208 Valley Hill Drive until further orders of the court or sale as provided above.”
In 1987, following a modification hearing in which George Martin requested that the marital home be sold in accordance with the 1977 decree, the trial court modified the original decree and found that:
“3. Title to Lot 5, Block ‘G,’ Valley Hills Subdivision, Enterprise, Alabama, shall remain unchanged at this time and the monthly mortgage payment thereon shall continue to be paid by GEORGE C. MARTIN. Only after Angela Martin dies, becomes self-supporting, marries, or is no longer totally and physically disabled shall said home be sold and the equity divided between the parties equally, after payment of expenses incurred incident to the sale of said property. However, until one of the above conditions occurs, the home shall remain accessible for the use and benefit of Angela Martin.”
Mr. Martin filed a motion for new trial, which was subsequently denied. Mr. Martin appeals from the trial court’s order and maintains that the provision regarding the sale of the marital home was a nonmodifiable property settlement.
Ordinarily, property settlement provisions of a divorce decree become final and cannot be modified after 30 days from the date of the decree. Lloyd v. Lloyd, 508 So.2d 276 (Ala.Civ.App.1987). Mrs. Martin, however, argues that the subsequent modification was proper because it was entered for the benefit and well-being of Angela, the parties' adult invalid daughter.
The 1987 decree does not divest Mr. Martin’s interest in the marital home and vest it in Mrs. Martin. Ownership is not altered. Vandiver v. Vandiver, 491 So.2d 251 (Ala.Civ.App.1986). The 1987 decree simply modifies the 1977 decree as to the benefits and the protection afforded the adult invalid child.
In this state, “when a divorce decree embraces the subject of infant’s maintenance or custody, the .,. court, without reservation of power, may on change of circumstances at any time thereafter modify its decree to meet changed conditions.” Tucker v. Tucker, 280 Ala. 608, 611, 196 So.2d 724, 726 (Ala.1967). See also Clark v. McGuff, 426 So.2d 453 (Ala.Civ.App.1983). The term “infant” under Alabama’s child support statute encompasses disabled, incapacitated children beyond the age of majority. Ex parte Brewington, 445 So.2d 294 (Ala.1983); Martin v. Martin, 494 So.2d 97 (Ala.Civ.App.1986). Therefore, we conclude that the trial court in this instance had the inherent right to modify the original decree to provide for the welfare and maintenance of the adult invalid child, Angela.
The judgment of the trial court is affirmed.
Mrs. Martin is awarded an attorney’s fee on appeal of $500.00.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.