L. CHARLES WRIGHT, Retired Appellate Judge.
Ginger Hackney and Larry Guy were divorced in September of 1981. Mrs. Hackney was awarded custody of the two minor children and Mr. Guy was ordered to pay $250 per month in child support.
In February 1988 Mrs. Hackney, through the State of Alabama, filed a contempt petition alleging that Mr. Guy was in arrears in his child support payments. Following an April hearing on the petition the trial court found Mr. Guy in contempt and entered a judgment in Mrs. Hackney’s favor in the amount of $1,375.
In view of Mr. Guy’s lack of employment and pending sale of his business, the trial court, on its own volition, reduced the amount of payable child support to $100 per month — allowing $150 to accrue. It was understood that the original amount of child support would be reinstated when Mr. Guy obtained employment.
Subsequent to the April order, Mrs. Hackney filed a process of garnishment against funds in the hands of an escrow agent under the Uniform Bulk Sales Act. She also filed an affidavit for service of an income withholding order on Mr. Guy’s employer. Mr. Guy filed a contest to the process of garnishment and to the income withholding order.
Following a hearing in September 1988 the trial court dismissed the garnishment, terminated the income withholding order, found that the April order concerning the amount of child support payable was to remain in full force and effect, and established a lien in favor of Mrs. Hackney against Mr. Guy’s horses and gooseneck trailer. From this order Mrs. Hackney appeals. No brief has been filed in this court on behalf of Mr. Guy.
I.
Mrs. Hackney initially argues that the April order was improper and in error because no motion to modify was filed at the contempt hearing and the issue was determined without the consent of the parties. In support of her argument she relies *1361 heavily on Price v. Price, 442 So.2d 121 (Ala.Civ.App.1983). We agree with Mrs. Hackney’s assessment of the April order and find Price to be applicable. However, we consider the judgment of April to be an appealable order. DuBoise v. DuBoise, 275 Ala. 220, 153 So.2d 778 (1963). Therefore, whether the court erred in April in relieving Mr. Guy from paying $150 of the $250 but directing it to accrue is not properly before this court.
The judgment of September, however, is before us and the issue is presented whether the court erred in September by failing to follow its order of April, continuing accrual of child support, and in requiring Mrs. Hackney to show a change in circumstances since the decree of April.
This matter apparently came before the court for hearing on September 9, 1988 as the result of the contest to the process of garnishment and to the income withholding order filed by Mr. Guy. The record, however, indicates that the hearing also evolved into a hearing concerning whether the April order was to be changed because Mr. Guy had obtained employment. After discussion between court and counsel, it also became a hearing as to whether the April order was to be modified, with the burden of showing a change in circumstances since April cast upon Mrs. Hackney. Counsel for Mrs. Hackney objected to such burden, contending that there was no modification request filed by either party and that she merely wished to establish that the condition for the reinstatement of the original support order suspended by the April order had now occurred — i.e. Mr. Guy was now employed with a substantial salary.
In this type proceeding the trial court’s decision will not be disturbed unless an abuse of discretion can be shown. Bass v. Bass, 475 So.2d 1196 (Ala.Civ.App.1985). We find such an abuse of discretion in the instant case. The trial court stated in open court that the April order was to remain in effect only until Mr. Guy obtained employment. Prior to the September hearing the trial court was cognizant of the fact that Mr. Guy had obtained employment. At the hearing Mrs. Hackney presented evidence that Mr. Guy was employed and had net earnings of over $1,800 per month. We find that, based on this evidence alone, and in accordance with the April contingency, the trial court should have reinstated the original amount of child support. The trial court’s failure to do so was an abuse of discretion.
The September order further provided the following:
“(d) That there is hereby established a lien in favor of the plaintiff, State of Alabama, ex rel: Ginger Hackney, and against the defendant, Larry Guy, against property of the defendant described as two horses and one gooseneck trailer; in the event the defendant sells any or all of said property, the lien herein established shall attach to the sales proceeds, in an amount not to exceed the then balance of the child support arrear-age owed by the defendant to the plaintiff....”
We also find error here. Past-due installments of child support create final monied judgments which may be collected as any other judgment. Latham v. Latham, 479 So.2d 61 (Ala.Civ.App.1985). Mrs. Hackney in April had a judgment in the amount of $1,375. She could have levied execution on any property of Mr. Guy. By placing this condition on Mrs. Hackney’s judgment, the trial court in essence prevented any collection and therefore erred. Latham, supra.
II.
Mrs. Hackney’s final contention is that the trial court erred in refusing to allow her writ of garnishment to proceed against the escrow agent in the bulk sales transaction. She cites no authority for this contention. We affirm. “Where an appellant fails to cite any authority, we may affirm, for it is neither our duty nor function to perform all the legal research for an appellant.” Gibson v. Nix, 460 So.2d 1346, 1347 (Ala.Civ.App.1984); A.R.A.P. 28(a). Furthermore, we find the evidence in the record pertaining to the bulk sales transaction to be insufficient for a determination on the merits.
This case is affirmed in part and reversed and remanded in part, with instruc *1362 tions that the trial court reinstate the original amount of child support and remove the condition placed on Mrs. Hackney’s judgment.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH DIRECTIONS.
INGRAM, P.J., and RUSSELL, J„ concur.
ROBERTSON, J., not sitting.