YATES, Judge.
The parties divorced in January 1990. The divorce judgment incorporated an agreement of the parties, providing, among other things, for the disposition of real property:
“The house jointly owned by the parties, located on Alcott Road, is to be sold and the proceeds used to pay off the house on Alcott Road and the house on North 4th Street and the proceeds left shall be divided equally between the parties.
“The house payments, insurance, and taxes, etc. on the home located on Alcott Road will be made from the savings accounts of the parties until the house is sold and then the savings will be split equally between the parties. If savings should be depleted before the house on Alcott Road is sold then the monies spent by the defendant for payments on the same shall be reimbursed from the proceeds of the sale.
“The [wife] and the minor children of the parties shall have exclusive use and occupancy of the marital home located on North 4th Street until the youngest child reaches the age of nineteen or the [wife] remarries or cohabitates with a member of the opposite sex, the house will then be sold and the proceeds divided equally between the parties. The [wife] will move to the house located on North 4th Street as soon as it can be vacated. [The husband] may stay in the home located at 1244 Alcott Road until it is sold.”
At the time of her remarriage in June 1990, the wife moved out of the North 4th Street house. In June 1992, the wife petitioned for a modification of the divorce judgment, alleging, in part, that the husband had not sold the real estate; that the property was not listed with a realtor; and that the husband had indicated to her that he did not intend to sell the property until “the savings account is depleted and [her] equity in the property extinguished.” The husband responded and counter-petitioned for compensation for painting and “cleaning up” both houses, and asked that the wife be required to reimburse him “for expenses incurred on the house payments, insurance, and property taxes” on both houses through the date that he filed his petition. He further sought to require the wife “to pay one-half of house payments, insurance, property taxes, and other upkeep on both ... houses from the present date until they are sold.”
Following a hearing, the trial court entered an order on June 11, 1993, noting that it had “been made aware of the sale of the property ... located on Alcott Road,” and ordering that certain disbursements be made from the proceeds of the sale, including payment in full of the mortgage on the North 4th Street property and reimbursement to the husband for one-third the amount of payments that he had made on both properties. The husband submitted that he had expended $13,487.82; reimbursement was set at $4,451. The remaining proceeds after disbursements were to be divided between the parties. Further, the trial court ordered the husband “to rent the property on [North] 4th Street ... until such property is sold and, further, the rental proceeds, less expenses for insurance, taxes and repairs, shall be held in trust by the [husband] and equally divided between the parties at the time of the sale.”
The husband appeals, contending that the trial court did not direct the disbursement of the proceeds of the sale of the real property in accordance with the property settlement agreement. He claims that the ordered reimbursement of approximately one-third of his expenses, rather than the total amount of his expenses, was a modification of the property settlement, which, he states, is not modifiable.
It is the law in this state that a property settlement agreement that is incorporated into a judgment of divorce is final and is not modifiable. Davis v. Cole, 399 So.2d 309 (Ala.Civ.App.1981). In the present case, however, the agreement of the parties that was incorporated into the January 1990 divorce judgment stated that the Alcott Road house was to be sold; the wife presented evidence at the March 1993 hearing that the husband had not used reasonable diligence in *110 selling the property. The house was not listed with a realtor until the wife’s petition was filed in June 1992; the house was sold shortly thereafter — some three and one-half years after the final judgment. The husband failed to show that he had made even minimal efforts to sell the house.
Based on the above facts, we conclude that the trial court, rather than modifying the property award, was effectuating the intent of the original judgment, even though doing so resulted in the husband’s bearing a greater share of the costs because of his excessive delay in selling the house.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.