This litigation concerns support for an adult disabled child and the modification of periodic alimony.
The parties were married in 1948 and they had ten children, only three being minors at the time of their 1977 divorce. All are now adults.
The mother instituted the present proceedings and, insofar as the present issues are concerned, she sought support from the father for Angela, one of their daughters. The mother alleged that Angela is an adult and suffers from a complete and disabling physical problem to the extent that she is not able to provide any support for herself, that Angela is completely dependent upon the parents and that the mother needs assistance from the father in the form of a reasonable sum from him for Angela's support and maintenance. After an ore tenus hearing before it, the trial court determined, in pertinent part, that Angela was an adult invalid child when the parents were divorced; that no provision was made in the divorce judgment for her custody or for her support; that Ex parte Brewington,445 So.2d 294 (Ala. 1983), did not apply; and that the father could not be ordered to support a child who was an adult when the divorce was granted. The wife's request for an increase in periodic alimony was denied. She appealed and argues two issues.
The mother first contends that support from the father should have been ordered for Angela. The facts as to that issue are not in material conflict.
Angela was over nineteen years of age at the time of the 1977 divorce and was twenty-eight at the time of the last hearing. The parents both testified that Angela has been totally and permanently disabled since her birth. She can perform no bodily functions for herself and is subject to seizures. Almost hourly the mother must change her diapers, turn her and give her something to drink. Angela's condition requires that someone attend to her needs twenty-four hours a day. Since the divorce, her condition has worsened in that Angela is older and requires more attention because she cannot any longer turn herself from side to side. Evidently, the sole responsibility for Angela's support, care and nursing since the divorce has fallen upon the mother, since the father has neither *Page 99 
checked upon or been around Angela since that time. The mother receives $325 each month through Social Security disability income, and Angela's prescription drugs are also paid for by Social Security. The father's total gross annual income presently exceeds $46,000.
In Reynolds v. Reynolds, 274 Ala. 477, 149 So.2d 770 (1963), it was determined that a court of equity did not have any authority in supplemental proceedings after a divorce to order a father to support an adult son where the son was admittedly incompetent, both prior to the divorce decree and after reaching his majority, and who was not living with his father when he became of age. Brewington specifically overruledReynolds where the 1963 case was inconsistent with the 1983 decision.
 "An analysis of the Alabama cases reveals that Reynolds-type decisions were based on the position that, absent a statute or agreement, no common-law authority existed to impose upon a non-custodial parent the obligation to support his adult child. However, the majority trend is to recognize an exception to this rule when the adult child is so mentally and/or physically disabled as to be unable to support himself. [Citations omitted.]
 "The Court in Reynolds based part of its decision on Murrah v. Bailes, 255 Ala. 178, 50 So.2d 735
(1951), which held that the term `children' as used in § 30-3-1 was clearly meant to apply only to minor children. The statute, however, does not express such a limitation, and such a narrow interpretation is unacceptable. In the frame of reference of the present case, we believe the legislature intended that support be provided for dependent children, regardless of whether that dependency results from minority, or from physical and/or mental disabilities that continue to render them incapable of self-support beyond minority."
Brewington, 445 So.2d at 296.
In addition to expanding the term "children" under Alabama's child support statute, Brewington also recognized "a duty imposed on parents to support their children who continue to bedisabled beyond their minority." (Emphasis supplied.)Brewington, 445 So.2d at 297.
The supreme court further expressly adopted the reasoning of a New Jersey case where it had been argued by the father that the court did not have jurisdiction to order support for an adult child. While Brewington quoted at length from the New Jersey Superior Court, it is worthy of being here repeated because of its simplicity, explicitness and aptness as to the issue under consideration:
 "`[I]t [a New Jersey statute] contemplates support for the children of divorced parents who, but for the divorce, would have continued to be entitled to the support of their father. It stems from the presumed inability of such children, by reason of their minority, to provide for themselves. Children who are unable to care for themselves because of their minority are no less entitled to the court's solicitude when they continue to suffer, after they have attained their majority, from a physical or mental disability which continues to render them incapable of self-support. Normal instincts of humanity and plain common sense would seem to dictate that in such cases the statutory obligation of the parent should not automatically terminate at age 21, but should continue until the need no longer exists. [67] C.J.S. Parent and Child § 17, p. 704 (1950); 39 Am.Jur., Parent and Child, § 40, p. 645, § 69, p. 710 (1942). However, we do not believe that the Legislature in enacting N.J.S. 2A:34-23, N.J.S.A., intended to confer jurisdiction upon the court to compel a husband or wife to support a child suffering from a disability which did not exist at the time of his attaining his majority but came about some time later.'"
Kruvant v. Kruvant, 100 N.J. Super. 107, 113, 241 A.2d 259,265-266 (1968).
We are convinced that Brewington here applies. Angela had been totally and permanently *Page 100 
disabled since her birth and, consequently, she continued to be disabled after becoming nineteen years of age, and her father had the duty to support her.
In the case of a minor child, the obligation of support cannot be permanently removed by agreement, release or judgment if the future circumstances require the reinvocation of that duty. For example, if a judgment relieves a parent from the support of a minor child and, as a result of later events, the minor has a need for support which can be met in whole or in part by the non-custodial parent, such a parent can then be required to wholly or partially support such a minor child.King v. King, 437 So.2d 565 (Ala.Civ.App. 1983); Tucker v.Tucker, 403 So.2d 262 (Ala.Civ.App. 1981); Moore v. Moore,57 Ala. App. 735, 331 So.2d 742 (1976).
In the same vein, if a mentally or physically dependent child continues to be disabled beyond minority and support is needed and the non-custodial parent is able to contribute toward that need, the duty to support can be enforced through proceedings such as were instituted in the present case, although the original divorce judgment contained no provision for that child's support and the trial court did not expressly retain the right to order such support in the future. The age of such a disabled child at the time of the divorce or at the time that the Brewington support duty is sought to be enforced is immaterial as long as the disability occurred during the child's minority and continues thereafter. Kruvant, supra.
The learned trial court should have ordered the father to contribute toward the support of Angela. Accordingly, we reverse and remand that aspect of this cause to enable the trial court to determine a reasonable amount for the father to pay for Angela's child support after giving due consideration to Angela's needs, to the father's financial ability to respond thereto and to Angela's income through Social Security or other similar sources. We have assumed that there is no controversy over the mother having the care, custody and control of Angela, for no issue was made of it.
The wife next contends that the trial court should have increased the amount of her periodic alimony.
The trial court has a judicial discretion to exercise as to the modification of the periodic alimony provisions of a divorce judgment, and the trial court's exercise of its discretion in granting or refusing to modify periodic alimony will be reversed on appeal only if there was such an abuse of discretion as to render the decision palpably wrong. Further, under the ore tenus rule, we must presume the final judgment to be correct and we are not authorized to alter a trial court's determination as to periodic alimony modification unless it was not supported by the evidence or was plainly wrong. Murphy v.Murphy, 470 So.2d 1297 (Ala.Civ.App. 1985).
We have carefully studied all of the evidence regarding a modification of periodic alimony, and we do not find any abuse of discretion by the trial court. That aspect of the judgment was supported by the evidence, was not palpably wrong, and is affirmed.
The mother is awarded, and the father shall pay, an attorney's fee on this appeal in the amount of $500.
The foregoing opinion was prepared by retired Circuit Judge Edward N. Scruggs, serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama 1975, and this opinion is hereby adopted as that of this court.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
All the Judges concur. *Page 101