The parties ended a marriage of nearly thirty-eight years' duration by a judgment of divorce entered in April 1985. Of the six children born during the marriage, only a son, age 15 1/2, remained at home. The husband has been extremely successful in business. At the time of the divorce, the combined estates of the husband and wife exceeded four million dollars ($4,000,000). The majority of their assets consisted of tax-free bonds and corporate stocks. The court, after hearing extensive testimony, granted a divorce; divided the property of the husband; gave custody of the minor son to the wife; and ordered the father to pay child support in the amount of one thousand dollars ($1,000) monthly, with direction to pay the cost of the child's college education. The court further ordered both husband and wife to enter into a contract agreeing to devise to their children all of their property remaining at their death.
The husband appealed and asserts four issues for the consideration of this court. We will consider first the issue of an abuse of discretion in the division of property.
The record contains much evidence of the unusual wealth of the parties. With the exception of the home and beach apartments with considerable furnishings, automobiles *Page 580 
and the usual personal property, that wealth is largely stocks and tax-free bonds. The wife had an estate of her own of approximately one-half million. The husband owned the remainder. We perceive no benefit in relating an inventory of the assets of the parties disclosed by the testimony. The trial court, by its decree, substantially divided the assets accumulated during the marriage equally between the parties. The result of the division is that each party will have from the assets an income, largely tax-free, of over one hundred thousand dollars ($100,000) annually. There is some indication that the division resulted in giving the wife slightly more assets than are retained by the husband. On the other hand, the husband has the expertise to build upon what he retained. The wife is somewhat younger and has no such expertise.
The husband has recognized the often stated principle that the division of property pursuant to a divorce is a matter within the sound discretion of the trial court. That discretion will not be disturbed on review by this court, absent a showing of an arbitrary and palpable abuse. Langford v. Langford,441 So.2d 962 (Ala.Civ.App. 1983). In view of the length of the marriage, the conceded excellence of the performance of the wife during the marriage and the admitted breach of the marriage contract by the husband, we find the decree of the trial court not plainly unfair nor inequitable to the husband.
The second issue presented is that the court erred in requiring the husband to answer questions concerning details of his acts of adultery over his objection and claim of rights against self-incrimination under the fifth amendment to the United States Constitution.
By amendment to the original complaint, the wife charged the husband with acts of adultery. Prior to trial the deposition of the husband was taken by counsel for the wife. The details of the charged adultery were extensively explored in the deposition. There was no claim of fifth amendment rights at that time. At the beginning of the trial, counsel for the husband stated in open court the following:
 "The wife filed on August 22 an amendment to Petition for Divorce averring adultery on the part of Mr. Bonham. We brought this to the court's attention at pre-trial and stated that was not an issue and that Mr. Bonham admitted that misconduct. I want to state for the record that he does admit the averments of the Amendment to the Petition." (Emphasis added.)
The wife called the husband as her first witness under Rule 43 (b), A.R.Civ.P. Upon beginning questions as to his specific acts of adultery, the husband through counsel sought to claim fifth amendment rights. His claim was denied, and the court stated he was being granted immunity from prosecution. Husband thereafter was required by the court to answer questions concerning many acts of adultery during his marriage. Some of the admitted acts occurred within time for criminal prosecution.
In spite of prior holdings of this court and our supreme court that fifth amendment protection is available to a party claiming it in a divorce action charging adultery, Vail v.Vail, 360 So.2d 992 (Ala. 1978), we find no error in the denial of that protection in this case.
The privilege against self-incrimination is deemed waived unless it is invoked. Rogers v. United States, 340 U.S. 367,71 S.Ct. 438, 95 L.Ed. 344 (1951). A witness who fails to invoke the fifth amendment against questions as to which he could have claimed it is deemed to have waived his privilege respecting all questions on the same subject matter. United States v.O'Henry's Filmworks, Inc., 598 F.2d 313 (2d Cir. 1979). In civil cases, a witness who discloses a fact or transaction, without invoking his privilege against self-incrimination, is deemed to have waived that privilege with respect to the particulars of such fact or transaction. InternationalBrotherhood of Teamsters v. Hatas, 287 Ala. 344, 361,252 So.2d 7, 22 (1971). The right to invoke the privilege against self-incrimination has been extended to civil depositions. *Page 581 See Carter-Wallace, Inc. v. Hartz Mountain, Inc., 553 F. Supp. 45
(S.D.N.Y. 1982); E.F. Hutton and Co. v. Jupiter DevelopmentCorp., 91 F.R.D. 110 (S.D.N.Y. 1981); United States v. Wolfson,294 F. Supp. 267 (Del. 1968). We opine that husband could have invoked his privilege under the fifth amendment at the time of taking his deposition, which was taken after suit was begun with full knowledge of its availability for introduction at trial. Having failed to do so, his privilege was thereafter waived. In fact, the deposition was introduced during trial without objection.
We further opine that counsel waived, on behalf of the husband, any fifth amendment right by admitting in open court the act of adultery charged in the complaint. Having admitted the act, the protection was removed as to the particulars of the act. International Brotherhood of Teamsters v. Hatas,supra. The contention by husband in brief, that by making the admission it was not intended that all the ugly details would be disclosed, is of no avail. Admissions by counsel made at the trial bind the client. Wilkey v. State, 238 Ala. 595,192 So. 588 (1939).
We perceive no need to discuss the propriety of the granting of immunity from prosecution.
A third issue presented is that the court committed error in placing in the decree a direction that the parties execute an agreement to devise all of their property to their children upon death. This is an unusual inclosure in a divorce decree. However, it is not disputed that a contract to make a will is not repugnant to public policy. A person may renounce the absolute power to dispose of his property as he wishes and can bind himself to will his property to a certain person. Dennisv. West, 248 Ala. 90, 26 So.2d 263 (1946); Walker v. Yarbrough,200 Ala. 458, 76 So. 390 (1917).
The manner in which this peculiar provision of the trial court's decree arose is plainly delineated in the decree itself. We quote therefrom as pertinent:
 "11. The Husband and Wife, through stipulation made in open Court, each agreed to devise all property awarded to them pursuant to this Decree and all other property which may hereafter be acquired by them, which they may own at the time of their deaths, to the children of this marriage or their descendants in equal shares, per stirpes. This paragraph of this Decree is made and entered by the Court in accordance with that stipulation and agreement of the parties. The agreement relative to the disposition of their respective estates at the time of their death was relied upon by the Court in making the provisions of alimony and support and the various transfers of property to them under this decree. It shall be effectuated through a formal agreement to be executed by the parties and to be incorporated in and made an integral part of this Decree which shall not be subject to future modification."
The agreement in open court referred to by the court occurred as follows: Counsel for the wife in closing statement to the court stated in essence that whatever property was given to her by the court in its decree, would at her death be devised by her will to the children of the marriage. Thereafter, counsel for the husband in his closing statement said as follows:
 "Judge Davis, the first thing I will say to the court and represent to the court, on prompting of Jack Bonham, is that he accepts Mr. Melton's challenge, or suggestion, and will covenant and represent and put in the most binding, enforceable document this court can decree, that his entire estate at his death go to his children and to his family and their descendants, as good estate planning would dictate."
Thereafter, at the request of the court, husband submitted a suggested decree. Contained therein was paragraph 12. Almost word for word, paragraph 11 of the court's final decree was taken from paragraph 12 of husband's suggested decree. *Page 582 
Husband now complains that because other provisions of the court's decree are not the same as the suggested decree, the "stipulation and agreement" to dispose of his property by will to his children was conditional and not enforceable. This is so even though husband still intends to will his property to his children.
This court cannot accept husband's contention that the covenant made in open court was not binding. That commitment made by counsel upon direction of the husband was in response to the commitment of the wife. When made, it was not conditional. It was not made as argument to a jury, but was made to the court and later expressed in writing in a suggested decree. That provision was adopted by the court as its own. Husband did not challenge its correctness by motion to set aside or amend. This court therefore finds no error in the trial court having included that provision in its final decree.
The last issue presented is that the trial court abused its discretion in ordering the husband to pay for support of the minor child the amount of one thousand dollars monthly and to pay his college expenses after his reaching majority.
We have stated that each parent in this case is apparently amply blessed with the financial means of self- and child support under the decree of the court. The wife has been given the primary custody of the son, now perhaps sixteen years old. As custodian she must furnish a home with bed and board, together with the responsibility of daily care and supervision when he is not in school. The evidence disclosed that the son has been enrolled, and expects to continue to attend, an expensive private school located out of state. The tuition, with room and board, exceeds eight thousand dollars per year. It is the desire of the father that the child continue in that school. It does not appear to this court that the amount of yearly support ordered will greatly exceed the cost of such school. It is further evident that there will be further needs of the child which will be the responsibility of the mother. Therefore, recognizing that the amount and source of child support are matters within the discretion of the trial court, we find no plain abuse of that discretion in the order. Ezellv. Hammond, 447 So.2d 766 (Ala.Civ.App. 1984).
However, we have found no agreement in the record of the parties for the husband to pay the college expenses of the son after he reaches his majority. Absent an agreement to do so, a parent usually has no legal duty to support or pay educational expenses of a child after he reaches the age of nineteen. Wierv. Wier, 410 So.2d 78 (Ala.Civ.App. 1982). A statement by the father that he intends to send his son to college, as he did his other children, does not amount to an agreement that he may be required to do so by the court, in our opinion. Therefore the requirement of the father to pay college expenses of his son after age nineteen was error.
The decree of the trial court is affirmed in all things except for the requirement in paragraph 4 that the husband shall pay all reasonable and necessary expenses for the child, Pembroke, to obtain a college education at the college of his choice. That provision is hereby reversed and set aside.
Each of the parties on appeal has requested an award of attorney fees. It is the judgment of the court that the wife be awarded the sum of $1,000 as attorney fee. The request of the husband is denied.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
BRADLEY and HOLMES, JJ., concur. *Page 583