This is a post-divorce proceeding case.
After an ore tenus hearing, the trial court ordered the father to pay certain educational expenses for his two adult children. The court also increased the child support payments that the father was required to pay for his minor child pursuant to a prior decree from $250 to $300 per month.
The father appeals. We affirm in part and reverse in part.
The primary issue before this court is whether the trial court erred in ordering the father to pay any of the adult children's educational expenses.
The law is well settled that a parent is under no legal obligation to support or educate a child after it attains the age of majority unless (1) the child is physically or mentally disabled, (2) an executed agreement to the contrary is reached, or (3) an oral agreement is announced in open court. Ex parteBrewington, 445 So.2d 294 (Ala. 1983); Anonymous v. Anonymous,353 So.2d 515 (Ala. 1977); Martin v. Martin, 494 So.2d 97
(Ala.Civ.App. 1986); Bonham v. Bonham, 489 So.2d 578
(Ala.Civ.App. 1985); Cain v. Cain, 452 So.2d 874 (Ala.Civ.App. 1984).
There is no contention on appeal that the two adult children are disabled, nor is there an executed agreement signed by the father. Rather, the mother argues that the parties announced in open court before the judge that they had reached a settlement of all the issues.
The record reveals, however, that the alleged oral agreement in this instance does not come within the "open court exception." There is nothing in the record to show that the father agreed to pay his adult children's expenses. There is no record of the alleged agreement in the court reporter's transcript, nor is there any record of the agreement in the case action summary sheet.
The mother contends, however, that she has submitted an affidavit along with her motion for summary judgment which attests to the fact that the father agreed to the payments in open court. The affidavit of the mother's attorney states that the parties appeared before the judge in chambers and announced the terms of the alleged agreement. Nevertheless, the summary judgment motion was never ruled on by the court. Further, the father denies making any such agreement to educate his adult children.
In view of the above, the alleged agreement is not shown of record to have been made in open court. Therefore, the trial court is not permitted to order the father to support or educate his adult children. Anonymous, 353 So.2d at 518; Rule 47, Alabama Rules of Appellate Procedure. The requirement of the father to pay one-half of the educational expenses of his two adult children was error and due to be reversed.
The father also contends that the trial court erred in increasing the amount of child support for his minor child. We disagree.
Modification of a prior decree for child support is a matter within the discretion of *Page 274 
the trial court. Brothers v. Vickers, 406 So.2d 955
(Ala.Civ.App. 1981). Furthermore, a decree rendered after an ore tenus
hearing is presumed to be correct and will not be set aside unless it is unsupported by any credible evidence and is plainly and palpably wrong. Brothers, 406 So.2d 955.
This court pretermits a detailed summary of the evidence as it pertains to this issue. Suffice it to say that we have reviewed the record with regard to the increase of the child support, and we do not find any abuse of discretion by the court. The mother testified that support and maintenance of the minor child had increased substantially. Further, the evidence shows that the father's income would justify an increase in his child support payments. In any event, that aspect of the judgment was supported by the evidence and is due to be affirmed.
The judgment of the trial court is due to be affirmed in part and reversed in part and remanded for entry of a judgment not inconsistent with this opinion.
The wife's request for an attorney's fee on appeal is denied.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED WITH DIRECTIONS.
BRADLEY, P.J., and INGRAM, J., concur.