INGRAM, Judge.
The parties in this case were divorced in 1981. In January 1988, the wife filed a petition to modify, seeking increased alimony and increased child support for the parties’ son, Patrick, then age 18. In March, upon Patrick’s attaining the age of 19, the mother amended her petition to request that the husband be required to pay for Patrick’s college education. After a hearing, the trial court denied the wife any increase in alimony and ruled that the husband was not, as a matter of law, required to pay Patrick’s college expenses. The wife then perfected her appeal to this court.
The wife raises two issues on appeal. First, she contends that we should interpret Alabama law to require that a parent’s duty of support include the provision of a college education for a child past the age of majority. Second, she argues that the trial court abused its discretion in refusing to increase her alimony payments.
The law in Alabama regarding a parent’s duty to provide support for an adult child was plainly set forth by this court in English v. English, 510 So.2d 272 (Ala.Civ.App.1987).
“The law is well settled that a parent is under no legal obligation to support or educate a child after it attains the age of majority unless (1) the child is physically or mentally disabled, (2) an executed agreement to the contrary is reached, or (3) an oral agreement is announced in open court. Ex parte Brewington, 445 So.2d 294 (Ala. 1983); Anonymous v. Anonymous, 353 So.2d 515 (Ala.1977); Martin v. Martin, 494 So.2d 97 (Ala.Civ.App.1986); Bonham v. Bonham, 489 So.2d 578 (Ala.Civ.App.1985); Cain v. Cain, 452 So.2d 874 (Ala.Civ.App.1984).” (Emphasis added.)
510 So.2d at 273. The parties are in accord that there is no agreement between them relative to the husband’s responsibility for Patrick’s college education. It is also obvious that Patrick is not in any way disabled; quite the contrary, he is a bright and capable young man.
The case clearly does not fall within any of the exceptions enumerated in English, supra. Instead, the wife urges us to expand the meaning of the term “dependent children” as defined in Ex parte Brewing-ton, supra, as follows:
“[W]e believe the legislature intended that support be provided for dependent children, regardless of whether that dependency results from minority, or from physical and/or mental disabilities that continue to render them incapable of self-support beyond minority.” (Emphasis in original.)
*986 445 So.2d at 296. In arguing that dependency should include adult children who have the aptitude for college but who lack the funds to attend, the wife contends that Ex parte Brewington does not limit the dependency of an adult child to situations in which the child is physically or mentally disabled. We disagree.
The opinion of our supreme court in Ex parte Brewington and the opinions of this court in English, supra, and Martin, supra, clearly hold that a parent is not legally obligated to support an adult child unless the child is afflicted with a disability that necessitates his continued dependency on the parent or the parent has agreed to continue supporting the child beyond the age of majority. We hold that the trial court here was correct in finding that it was without authority to order the husband to pay the expenses of Patrick’s college education.
Turning to the wife’s second issue, it is axiomatic that modification of a prior decree granting periodic alimony is discretionary with the trial court. Griffin v. Griffin, 479 So.2d 1283 (Ala.Civ.App.1985). Periodic alimony may be modified upon the showing of a material change in circumstances of the parties, with the moving party bearing the burden of proving a change sufficient to warrant the modification of a prior decree. Griffin, supra. Furthermore, in a case in which the evidence is presented to the trial court ore tenus, its judgment is presumed to be correct and will not be set aside unless the trial court has abused its discretion so as to render it palpably wrong. Mullins v. Mullins, 475 So.2d 578 (Ala.Civ.App.1985).
We pretermit a detailed summary of the evidence regarding this issue. We find that the record adequately supports the trial court’s decision not to increase the alimony payments of $3,000.00 per month, which the wife is currently receiving, and that such a decision was not an abuse of discretion.
The wife’s request for attorney’s fees on appeal is denied.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and HOLMES, J., concur.