ROBERTSON, Judge.
This case involves court-ordered child support after the age of majority.
Earl Wayne Elliott (father) and Sharon Lee Bretherick (mother) were divorced on January 22, 1979. They have two children, Blaine, then age ten, and Angie, then age eight. In the divorce decree the trial court, among other things, awarded the custody of the children to the mother with visitation to the father, and provided that the father “pay 50% of the cost of the college education of each of the parties’ minor children at such time as such minor children enter college.”
In a subsequent order dated March 14, 1980, the court modified the visitation provisions of the earlier decree. Then on July 20, 1981, the court entered another order deleting the paragraphs in the two previous orders regarding custody and visitation. In this third order the court awarded custody of the son, Blaine, to the father during the school months, and to the mother during the months of June, July, and August. Conversely, the court awarded custody of the daughter, Angela, to the mother during the school months, and to the father during the months of June, July, and August. The court did not alter the “50% college expense provision.” On August 7, 1987, Blaine reached the age of majority, on his 19th birthday. He was diagnosed on October 19, 1987, as having T-cell leukemia.
On December 19, 1988, the mother filed a petition for rule nisi and a petition to modify the decree, or in the alternative, to extend the judgment of support. The mother asked the court to find the husband in arrears in child support and payment of college expenses, and further asked the court to extend his obligation to pay college expenses for both children and child support for the parties’ son, Blaine, age 20.
A hearing was held on January 24, 1989, regarding these petitions. In an order dated April 27, 1989, the trial court found the husband in contempt of court regarding the educational support of the parties’ minor daughter, Angela, and ordered the husband to pay the amount owed. The trial court further found:
“6. That Anthony Blaine Elliott is suffering from the disease of T-Cell Leukemia and is physically .and/or mentally disabled so that he is incapable of self-support at the present time.
“7. That Anthony Blaine Elliott experienced unexplained loss of weight; headaches; nose bleeds; dizziness; high temperatures; appeared pale, and tired easily prior to his 19th birthday on August 7,1987. Anthony Blaine Elliott was diagnosed as suffering from T-Cell Leukemia on October 19, 1987.
“8. That Anthony Blaine Elliott is found to be ‘dependent’ suffering from a disability that existed at the time of his attaining the age of majority and is incapable of self-support at the present time due to T-Cell Leukemia and the treatment associated therewith.”
The trial court then ordered the father to pay to the wife $200 per month as support and maintenance for their dependent son, ordered the father to continue to reimburse the mother one-half of the children’s college expenses, and also ordered the father to pay part of the wife’s attorney fees. The father appeals.
The dispositive issues on appeal are whether the trial court- erred by (1) ordering the father to pay child support for a child over the age of majority, (2) ordering payment of college expenses beyond the age of majority, and (3) awarding attorney fees to the wife.
I
The husband contends that his legal obligation to support the parties’ son, Blaine, terminated when he reached his 19th birthday because he was not disabled at that time. There is a recognized duty imposed on parents to support their children who are disabled as a minor and continue to be disabled beyond their minority. As our supreme court stated “we believe the legislature intended that support be provided for dependent children, regardless of whether that dependency results from minority, or from physical and/or mental disabilities that continue to render them *1111 incapable of self-support beyond minority.” Ex parte Brewington, 445 So.2d 294 (Ala.1983). Further, the age of the disabled child at the time support is sought is immaterial as long as the disability occurred during the child’s minority and continued thereafter. Martin v. Martin, 494 So.2d 97 (Ala.Civ.App.1986). In adopting the reasoning of the New Jersey Superior Court in Kruvant v. Kruvant, 100 N.J.Super. 107, 241 A.2d 259 (1968), our supreme court quoted from that case: “However, we do not believe that the legislature ... intended to confer jurisdiction upon the court to compel a husband or wife to support a child suffering from a disability which did not exist at the time of his attaining his majority but came about some time later.” Ex parte Brewington, supra, at 296.
While there was testimony from the mother that Blaine experienced some headaches, a few nose bleeds, and tired easily before his 19th birthday, there was no evidence that he suffered a Brewington disability during minority. There was no medical testimony offered by the mother to show that a disabling ailment existed prior to August 7, 1987, nor had he been treated for any illness or ailment. In fact, Blaine had been attending Huntingdon College since the summer of 1986 and was on an ROTC scholarship. We find the following testimony by the mother pertinent:
“Q. Now, Blaine fell ill October 15 of '87, wasn’t it? Wasn’t it that Saturday?
“A. Fell ill?
“Q. Yes, he fell out.
“A. When he was diagnosed, what led to the diagnosis? The weekend of the diagnosis?
“Q. Yes.
“A. Yes, sir.
“Q. And it was just before he went to the hospital on the 19th, wasn’t it?
“A. That occurrence was right before he went to the hospital, yes, sir.
“Q. Prior to that, he had not been taken to the doctor for any illness at all, had he?
“A. No, sir, he had not.
“Q. And nobody had diagnosed Blaine as having any malady before the 15th of October, 1987?
“A. That is correct.
“Q. Is that correct?
“A. Yes, sir, it is.
“Q. On the 15th of October, 1987, Blaine had already been 19 years of age for two months, had he not?
“A. That’s right, yes.
“Q. Plus about a week?
“A. Yes.
“Q. On the 19th of October, 1987, he was diagnosed; is that correct?
“A. That’s correct.
“Q. Was he also hospitalized that day?
“A. He was hospitalized that week, yes, sir.”
A child must have an existing physical or mental disability during minority that renders him incapable of self-support, and that disability must continue to render him incapable of self-support beyond minority, in order to extend a parent’s legal obligation to pay child support after the age of majority. Ex Parte Brewington, supra.
After a careful review of the record, we find that the trial court did not have sufficient evidence before it to support its finding that a Brewington disability existed at the time Blaine reached majority. Therefore, we must find that the trial court erred in ordering the father to pay child support for Blaine, and we reverse as to that issue.
II
In addressing the issue of the chil-drens’ college expense obligation beyond majority, we note that the father was ordered to pay 50% in the original divorce decree for each of the parties’ minor children. The 1979 divorce decree contained the following order:
“5. That Earl Wayne Elliott pay fifty per cent (50%) of the cost of the college education of each of the parties’ minor children at such time as such minor children enter college and further it is the Order of this Court that Sharon Lee Elliott have and recover of Earl Wayne *1112 Elliott the payment of fifty per cent (50%) of the expenses of the college education of the parties’ minor children at such time as said minor children enter college, for which if not paid when due, let execution issue.”
This order was not appealed and was never changed or modified by petition. We find the language of the order to be clear and unambiguous and binding on the father to pay one-half of the childrens’.col-lege expenses. The father argues that this obligation should cease upon the children attaining the age of majority; however, our supreme court has recognized that the normal age for attending college extends beyond the age of 19 years. Ex parte Bayliss, 550 So.2d 986 (Ala.1989).
We find no error in the trial court’s order regarding the college expenses.
Ill
The husband lastly contends that the trial court erred in awarding attorney fees because there was no citation of contempt. In reviewing the record, we find that the trial court did hold the husband in contempt, and did not err in awarding attorney fees to the wife. Award of attorney fees is within the sound discretion of the trial court, and will not be reversed on appeal except for abuse of that discretion. Chandler v. Chandler, 501 So.2d 1234 (Ala.Civ.App.1987).
Appellee’s request for attorney fees on appeal is denied.
In view of the foregoing, this case is due to be affirmed in part, reversed in part, and remanded for a judgment consistent with this opinion.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH DIRECTIONS.
INGRAM, P.J., and RUSSELL, J., concur.