I continue to adhere to the view that Ex parte Bayliss,550 So.2d 986 (Ala. 1989), was wrongly decided. This case illustrates one problem arising from the holding in Bayliss:
How can court-ordered child support continue beyond the child's minority if the court has no jurisdiction to entertain an application that is filed after the child has reached majority? If the justification for Bayliss is that jurisdiction may continue into majority if it is invoked during minority, why not go the step further to say that jurisdiction may be invoked after majority has been reached? If the justification forBayliss is that "children" in § 30-3-1 can mean "adult offspring" as well as "minor children" and that "education" as used therein includes college education, what is the justification for today's holding?
The petitioners do not make an equal protection argument, but such an argument could be problematic. Why should all children similarly situated not be entitled to a college education? Under the Bayliss rule and today's holding, some children will receive support for college education while others similarly situated will not, based on the fortuitous event of when their parents divorce, not on the need and ability of the child and the wealth of the parent. An example is provided in this case, because Josh is entitled to post-minority college support, but his older sister and brother are not. Furthermore, will parents who are not divorced now be legally obligated to support their children through college? If the Barnards were to reconcile and remarry, would Josh's right to support be terminated? Other inherent problems include the questions of how good a student a child has to be in order to be entitled to support underBayliss; whether a child should be awarded support to attend a trade or technical school; whether such support can be awarded for post-graduate or professional studies; and at what age the parent's obligation terminates.
I did not vote in Ex parte Brewington, 445 So.2d 294 (Ala. 1983), and have had no *Page 492 
occasion since to vote on the requirement of support of a physically or mentally incapacitated child into the child's majority. I note that the Court of Civil Appeals, in Martin v.Martin, 494 So.2d 97 (Ala.Civ.App. 1986), allowed a custodial mother to apply for and obtain child support for a 28-year-old incapacitated daughter even though the daughter had been an adult at the time of the divorce in 1977 and no provision had been made for her at the time. The opinion of the Court of Civil Appeals in this case certainly seems to conflict with its opinion in Martin. Are we overruling Martin sub silentio, or is the Brewington rule different from the Bayliss rule in this respect?
I agree that a parent with sufficient means generally has a moral obligation to help a deserving child through college and, in some circumstances, a legal obligation to provide such support during the child's minority, see Ogle v. Ogle, 275 Ala. 483, 156 So.2d 345 (1963). I do not agree in principle that there should be a legal obligation to provide such support beyond the child's minority. I write simply to point to some of the difficulties into which I think the Court is moving. I agree that the judgment for the respondent father is due to be affirmed.
ADAMS, J., concurs.