Kay Carter DeMo ("the wife") and Frederick V. DeMo ("the husband") were divorced by the Montgomery County Circuit Court on June 24, 1994. The divorce judgment incorporated an alimony and property settlement agreement that awarded the wife the marital home and stated that the husband shall pay the wife "the sum of $800 per month . . . for a period of ten years. These payments being for the care and support of [the parties'] disabled child." At the time of the divorce, the child was 23 years old. The trial court did not use the child support guidelines set forth in Rule 32, Ala.R.Jud.Admin., to calculate the amount of child support for the adult disabled child.
On February 5, 1995, the husband filed a petition to modify his child support obligation, alleging a material change in circumstances. He also alleged that application of the child support guidelines would show that the difference between his existing child support obligation and the amount required by the guidelines varied more than 10%, thereby creating a rebuttable presumption that the child support obligation should be modified. The husband later amended his petition, requesting that, pursuant to Rule 60(b), Ala.R.Civ.P., the trial court set aside the child support provision of the divorce judgment because the child support guidelines had not been used to calculate the amount of child *Page 266 
support ordered. The wife answered and counterclaimed, alleging that the husband's petition to modify was without merit and requesting that the trial court order the husband to pay her attorney's fee.
The trial court held a hearing on May 9, 1995. Thereafter, it entered an order that stated, in part:
 "The Court having carefully considered the evidence presented at the hearing on May 9, 1995, and the argument of counsel, the Court finds that while there is no direct precedent on the issue of whether Rule 32 of the Alabama Rules of Judicial Administration should be applicable to adult disabled children of divorced parties, the case law of this state cited by the husband strongly implies that Rule 32 should be applied to such adult, disabled children. Further, the Court is of the opinion that there have occurred such changes in circumstances as would warrant consideration by the Court of child support and that a calculation of child support pursuant to Rule 32 results in a recommended support of $400 per month under the facts of this case."
The trial court then ordered the husband to pay child support of $600 per month for three months and $400 per month thereafter. The wife's post-judgment motion was denied and she appealed.
We find the dispositive issue to be whether the trial court erred by applying the child support guidelines set forth in Rule 32, Ala.R.Jud.Admin., to calculate the appropriate child support for an adult disabled child.
A parent's "duty . . . to support [his or her] children who continue to be disabled beyond their minority" was established by our Supreme Court in Ex parte Brewington, 445 So.2d 294, 297
(Ala. 1983). The Brewington Court reached its decision by interpreting the word "children" in the Alabama child support statute, § 30-3-1, Ala. Code 1975; Title 34, § 35, Ala. Code 1940, to mean dependent children, including both minor children and adult children who continue to be disabled beyond their majority. Id. However, Brewington did not set forth any specific method for the trial court to use when calculating child support for an adult disabled child. This Court provided some guidance in this aspect in Martin v. Martin, 494 So.2d 97
(Ala.Civ.App. 1986), by holding that the trial court should consider the disabled child's needs, the financial ability of the payor parent to provide for those needs, and the child's income through Social Security or other similar sources. These criteria are substantially the same as the factors used before the adoption of the child support guidelines for determining the appropriate child support for minor dependent children. SeeBrannon v. Brannon, 477 So.2d 445 (Ala.Civ.App. 1985) (stating that the trial court should consider the needs of the child and the payor parent's ability to pay when determining how much child support to award).
After Brewington and Martin were decided, our Supreme Court, in 1987, promulgated the Rule 32 child support guidelines. Since their inception, the guidelines have been amended twice, once in 1989 and once in 1993. The guidelines, as amended in 1993, require that all orders establishing or modifying child support obligations shall provide for the children's health care needs, and set forth a method for determining child support based on the parents' earning ability and income and the number of children.
Rule 32 does not expressly state that the child support guidelines are applicable to adult disabled children; however, subsection (A) states:
 "Guidelines for child support are hereby established for use in any action to establish or modify child support, whether temporary or permanent. There shall be a rebuttable presumption, in any judicial or administrative proceeding for the establishment or modification of child support, that the amount of the award which would result from the application of these guidelines is the correct amount of child support to be awarded."
Emphasis added.
This language plainly requires, without any express limitation, the application of the child support guidelines in "any action to establish or modify child support." Therefore, the guidelines for establishing or modifying child support for an adult disabled child is within *Page 267 
the scope of application contemplated by the plain language of the Rule. Id.
Further, applying the child support guidelines to adult disabled children is consistent with the law of this state before the adoption of the guidelines because, at that time, similar factors were used to determine child support for both minor dependent children and adult disabled children. SeeMartin and Brannon, supra.
When determining the scope of Rule 32, this Court is bound to presume that our Supreme Court had knowledge of its holding inBrewington when it promulgated and later amended Rule 32. On those occasions, the Court, with knowledge of its holding inBrewington, could have precluded the application of the guidelines to adult disabled children by specifying that the guidelines are applicable only to "minor" children. However, the Rule does not contain any such limitation, either generally, or specifically in relation to the word "child" or "children." Thus, it is logical to conclude that no limitation was intended. See State ex rel. Harris, 559 So.2d 66 (Ala. 1990) (holding that the presence of the word "minor" in §38-10-2(a)(3), Ala. Code 1975, is restrictive language and does not allow collection of post-minority child support by the State); Ex parte Bayliss, 550 So.2d 986 (Ala. 1989) (holding that the absence of the word "minor" in § 30-3-1, Ala. Code 1975, allowed a trial court to order a parent to pay post-minority support for his or her child's college education); and Brewington, supra.
Following our Supreme Court's lead in Brewington, we conclude that the words "child" and "children" in Rule 32 refer todependent children, including both minor children as well asadult children who continue to be disabled beyond their majority. Consequently, we hold that the child support guidelines are applicable in the establishment or modification of child support for an adult dependent child.
Because we hold that the child support guidelines typically used to calculate child support for minor dependent children apply to adult disabled children who may have exceptional needs, it is necessary to point out that the guidelines authorize the trial court to fashion an award of child support that will fulfill all of the needs of an adult disabled child. Subsection (C)(4) of Rule 32 allows the trial court to make additional awards, in excess of basic child support, for extraordinary medical, dental, and educational expenses if it determines that such awards are in the best interest of the child. Also, Rule 32(A)(1)(e) allows the trial court to deviate from the guidelines to promote the best interest of the child. These subsections require the trial court to state a reason justifying the additional award or the deviation from the guidelines.
When applying Rule 32 to the facts of this case, the trial court correctly found that the husband's child support obligation should be modified, because the difference between his existing obligation ($800 per month) and the amount determined by applying the guidelines varied by more than 10%. See Rule 32(A)(3)(b). However, the trial court miscalculated the proper amount of child support due under the guidelines. The undisputed testimony presented at the hearing established that the husband's monthly income was $1,833.33 and that the wife had no actual income. Under the basic obligation schedule of Rule 32, the husband's child support obligation would be $300 per month. Nevertheless, the trial court did not reduce the husband's child support obligation to that amount; instead, it ordered the husband to pay $600 per month for three months and $400 per month thereafter. As noted above, the guidelines allow the trial court to make an additional award or to deviate from the guidelines so long as it states a reason justifying its action. The trial court failed to state such reasons in this case; therefore, it erred by ordering child support in excess of the amount prescribed by the guidelines.
The judgment of the trial court is reversed and the cause is remanded for the trial court to set an amount of child support in compliance with Rule 32.
The wife's request for an attorney fee on appeal is denied.
I am compelled to respond to Judge Crawley's remarks in his special writing because of the confusion it may create. *Page 268 
First, there is no correlation between child support for a permanently disabled child and expenses for a four-year college education.
Second, and most important, the special writing obviously misinterprets the difference between gross income of a parent under Rule 32(B)(2)(b), and the child's income through Social Security or other similar sources to be considered by the court under Rule 32(A)(1)(d), Ala.R.Jud.Admin. Rule 32(A)(1)(d) provides that "[a]ssets of, or unearned income received by or on behalf of, a [disabled] child" may be considered by the trial court in making a determination of child support when deviating from the guidelines. Consequently, applying the child support guidelines to adult disabled children is consistent with the law of this state before the adoption of the guidelines.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
YATES and MONROE, JJ., concur.
THIGPEN and CRAWLEY, JJ., concur in the result only.