PER CURIAM.
Christa A. Knepton (“the mother”) and Howard L. Knepton (“the father”) were divorced by a March 19, 2001, judgment of the Baldwin Circuit Court (“the trial court”) that incorporated an agreement reached by the parties. ' Among other things, the divorce judgment awarded the mother custody of the parties’ minor child, Robert James Knepton, who was then 18 years old, and .ordered the father to pay Robert’s college costs in lieu of child support unless Robert was living with the mother and not attending college.[1] The divorce judgment also ordered the father to pay the mother alimony until February 2013.
On November 30, 2012, the mother filed a complaint to modify the divorce judgment, seeking a continuation of the alimony obligation and an award of postminority support for Robert. As to her claim for postminority support, the mother alleged:
“4. At the time of the parties’ divorce, they had two children, one of whom was a minor, namely Robert James Knepton.
“5, Although it was not realized at the time of the parties’ divorce, [Robert,] the parties’ youngest, how adult son[,] was suffering from a psychological disability. Specifically, he suffers from schizoid personality disorder. This psychological , disability results in the parties’ adult son not being capable of earning income sufficient to provide for his *46 reasonable living expenses. It is, in fact, said adult child’s mental disability that is the cause of his inability to earn that income.
“6. The parties’ youngest adult son is now thirty (30) years of age. He has had no job since he was twenty-one (21) years of age. He has only had two jobs prior to being twenty-one (21), working at rather menial jobs at Burger King and Target.
“7. The [mother] has had to solely support the parties’ adult son for years. The [father] has not been willing to provide any financial help at all and said that he is not the child’s birth father, which is simply legally and factually untrue.
“8. The [father] is a production manager making a very good income and is quite capable of supporting his disabled adult child.”
The father moved to dismiss the mother’s complaint insofar as she asserted a claim for postminority support for Robert. The trial court addressed the motion to dismiss at the beginning of the December 16, 2014, hearing on the merits. At that hearing, the trial court orally granted the motion to dismiss. After reaching that ruling, the trial court allowed the mother to make an offer of proof regarding the evidence she would present in support of her claim for postminority support if the trial court had not dismissed that claim. The trial court also proceeded to take evidence on the mother’s claim seeking a continuation of the award of alimony.
On December 19, 2014, the trial court entered a judgment in which it dismissed the mother’s claim seeking postminority support and denied her claim for continued alimony. The mother timely appealed to this court.
On appeal, the mother argues only that the trial court erred in dismissing her claim for postminority support. In his motion to dismiss, the father initially argued that the mother had failed to state a claim upon which relief could be granted. See Rule 12(b)(6), Ala. R. Civ. P.
“On appeal, a dismissal is not entitled to a presumption of correctness. Jones v. Lee County Commission, 394 So.2d 928, 930 (Ala.1981); Allen v. Johnny Baker Hauling, Inc., 545 So.2d 771, 772 (Ala.Civ.App.1989). The appropriate standard of review under Rule 12(b)(6)[, Ala. R. Civ. P.,] is whether, when the allegations of the complaint are viewed most strongly in the pleader’s favor, it appears that the pleader could prove any set of circumstances that would entitle her to relief. Raley v. Citibanc of Alabama/Andalusia, 474 So.2d 640, 641 (Ala.1985); Hill v. Falletta, 589 So.2d 746 (Ala.Civ.App.1991). In making this determination, [an appellate court] does not consider whether the plaintiff will ultimately prevail, but only whether she may possibly prevail. Fontenot v. Bramlett, 470 So.2d 669, 671 (Ala.1985); Rice v. United Ins. Co. of America, 465 So.2d 1100, 1101 (Ala.1984). We note that a Rule 12(b)(6) dismissal is proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief. Garrett v. Hadden, 495 So.2d 616, 617 (Ala.1986); Hill v. Kraft, Inc., 496 So.2d 768, 769 (Ala.1986).”
Nance v. Matthews, 622 So.2d 297, 299 (Ala.1993).
At the final hearing on the merits, the trial court received arguments on the motion to dismiss, and it determined that motion was due to be granted. After making that determination, the trial court received an offer of proof. However, be *47 cause the evidence set forth in the offer of proof was not considered by the trial court when it ruled on the motion to dismiss, we do not set forth that offer of proof here.
Rather, we conclude that the mother stated a claim for relief under Ex parte Brewington, 445 So.2d 294 (Ala.1983), in which our supreme court held that a court can order a parent to financially support an adult child when that child cannot support himself or herself because of a continuing mental or physical disability, so long as that disability existed during the minority of the child. Although in Ex parte Christopher, 145 So.3d 60 (Ala.2013), our supreme court ruled that the term “children” does not include adult children for the purposes of postminority educational support, the court indicated that it was not addressing whether that same statutory construction would apply to awards of postminority support for adult disabled children. 145 So.3d at 66. Hence, Ex parte Brewington remains good law at this point.
“To award [Brewington] support, the trial court must (1) determine that the adult child is not capable of earning an income sufficient to provide for his or her reasonable living expenses and (2) that the adult child’s mental or physical disability is the cause of his or her inability to earn that income.”
Ex parte Cohen, 763 So.2d 253, 256 (Ala.1999).
Construing the mother’s complaint most strongly in her favor, she alleged that Robert was suffering from a mental disorder at the time of the parties’ divorce, i.e., during his minority; that Robert had been unable to earn sufficient wages to support himself; and that Robert remained disabled from his now identified schizoid personality disorder and is dependent upon his parents for support. The mother also asserted that the father was capable of providing the financial support Robert needs. Alabama law does not provide that the condition causing the disability must have been medically diagnosed or that the child must have been receiving treatment during his or her minority in order for Brewington to apply. We hold that the allegations in the mother’s complaint, if proven, would authorize the trial court to grant the equitable relief the mother requests under Ex parte Brewington.
The father pointed out in his motion to dismiss that no evidence had yet been adduced to prove the allegation that Robert was mentally disabled during his minority. Arguably, because the father was raising a purported failure of the evidence, the father’s motion could be construed as a motion for a summary judgment under Rule 56, Ala. R. Civ. P. See Farr v. Gulf Agency, 74 So.3d 393, 398 (Ala.2011). However, the father did not file a narrative summary of undisputed material facts or make any legal argument as to why he would be entitled to a judgment as a matter of law. See Rule 56. Furthermore, the trial court did not timely notify the mother that the motion would be treated as one for a summary judgment so as to enable her to file any affidavits or other evidence to controvert the motion. Although the trial court took the unusual step of allowing the mother to make an offer of proof, the trial court did not consider the evidence set forth in the offer of proof or any other evidence outside the pleadings when ruling on the motion to dismiss. Hence, the trial court dismissed the mother’s claim seeking postminority support solely under Rule 12(b)(6), which does not concern the sufficiency of the evidence but, rather, concerns only whether the allegations state a cognizable legal claim. Matthews, supra. Because the mother stated a valid claim, the trial court *48 erred in dismissing her claim seeking post-minority support for Robert.
To the extent that the father argued generally in his motion to dismiss that the trial court lacked jurisdiction over the mother’s claim for postminority support, we note that this court generally reviews a judgment dismissing an action for lack of subject-matter jurisdiction de novo, without any presumption of correctness, accepting the jurisdictional facts alleged in the complaint to be true. See Newman v. Savas, 878 So.2d 1147 (Ala.2003). In Ex parte Brewington, the supreme court specifically held that a trial court has equitable jurisdiction to make and enforce an award of postminority support for a disabled child. 445 So.2d at 296. In Martin v. Martin, 494 So.2d 97 (Ala.Civ.App.1986), this court held that the failure of a trial court to award Brewington support in a divorce judgment does not deprive the court of the ability to later award such support, even if the claim is first filed after the child has reached the age of majority. Hence, the trial court did have subject-matter jurisdiction to address the postminority-support claim, and it erred to the extent it concluded otherwise.
. The trial court’s judgment, insofar as it dismissed that part of the mother’s complaint asserting a claim for postminority support for Robert, is reversed, and the cause is remanded to the trial court for further proceedings.
The appellant’s request for an attorney fee on appeal is granted in the amount of $2,000.
REVERSED AND REMANDED.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.
DONALDSON, J., concurs in the result, with writing.

. The divorce judgment specified that the father was to pay for college-related expenses for the "children" of the marriage; no evidence pertaining to the parties’ other child is contained in the record in this matter.