DONALDSON, Judge,
concurring in the result.
In Ex parte Brewington, 445 So.2d 294, 297 (Ala.1983), the supreme court held that a parent could be obligated to provide support for “their children who continue to be disabled beyond their minority.” The supreme court based the ruling on an “expanded interpretation ... of the term ‘children’ in the Alabama child support statute,” § 30-3-1, Ala.Code 1975. Id. at 296. The supreme court expressly rejected earlier cases limiting the term “children” as used in the statute to minor children, holding that “[t]he statute .,. does not express such a limitation, and such a narrow interpretation is unacceptable.” Id.
In this case, Christa A. Knepton (“the mother”) filed a complaint against Howard L.- Knepton (“the father”) containing two claims. One claim sought relief regarding the father’s alimony obligation. The other claim sought postminority support for an allegedly disabled child of their marriage (“the Brewington claim”). The mother was not required, under current caselaw, to file the Brewington claim during the minority of the child. See Martin v. Martin, 494 So.2d 97 (Ala.Civ.App.1986)(a claim for postminority support for an allegedly disabled child was permitted to proceed even though it was filed after the child reached the age of majority). The father filed a motion to dismiss the Brew-ington claim and asserted, among other things, that the mother had failed to state a claim upon which relief could be granted. As another ground for the motion, he asserted that “[t]here has been no evidence to suggest the parties’ son was mentally disabled during his minority.” The father later filed an answer addressing the claim regarding alimony, but he did not address the Brewington claim in his answer.
*49 The motion to dismiss the Bremngton claim remained pending when the case was called for trial. Before testimony began, the father asked the trial court to dismiss the mother’s Bremngton claim. The discussion between counsel and the trial court regarding the father’s motion, which discussion occurred before the trial court permitted the mother to - make an “offer of proof,” did not focus on whether the mother had pleaded her Brewington claim sufficiently or on whether her complaint stated a valid claim for relief but, instead, focused on whether the mother would be able to present sufficient evidence demonstrating that the child was disabled before reaching the age of majority. See Elliott v. Bretherick, 555 So.2d 1109, 1111 (Ala.Civ.App.1989) (“A child must have an existing physical or mental disability during minority that renders him incapable of self-support, and that disability must continue to render him incapable of self-support beyond minority, in order to extend a parent’s legal obligation to pay child support after the age of majority.”). In substance, because the father was arguing that the Bremngton claim should be dismissed based on a lack of sufficient evidence to be presented at trial, the father was asserting a motion for a summary judgment. Evans v. Waddell, 689 So.2d 23, 26 (Ala.1997)(“The substance of a motion and not its style determines what kind of motion it is.”). See Melton v. Perry Cnty. Bd. of Educ., 562 So.2d 1341, 1342 (Ala.Civ.App.1990) (“The purpose of the motion for summary judgment is to test the sufficiency of the evidence to determine whether there exists any real issue to be tried.”). The mother did not object to the timing of the motion or to the manner in which it was presented to the trial court; instead, she and the father argued about the evidence that would be presented. Thus, the arguments focused on. matters outside the pleadings. See Parker v. Hilliard, 567 So.2d 1343, 1345 (Ala.1990) (“When a trial judge considers matters outside the pleadings in ruling on a motion to dismiss, the judgment should be treated as a summary judgment!”). By not objecting, the mother impliedly consented to the conversion of the motion to dismiss into a motion for a summary judgment, and she waived all procedural irregularities, including the failure of the father to comply with the requirements of Rule 56, Ala. R. Civ. P. See, e.g., Tucker v. Richard M. Scrushy Charitable Found., Inc., 93 So.3d 83, 87 (Ala.2012)(“By the plain language of the rule, compliance with the notice provision in Rule 56(c) may be excused with the consent of the parties.”).
In .considering the motion, the trial court and counsel discussed whether the mother was required to present evidence that the child had been diagnosed with a disability by a physician before the age of 19 to prevail on the Brewington claim. The mother’s proposed evidence did not include a physician’s diagnosis during the child’s minority; however, we are.not directed to any authority that requires proof of a diagnosis of disability by a physician before the child reaches the age of majority to sustain a Brewington claim. Instead, the mother must establish that the child was disabled before the age of 19, and the evidence she proposed to present could have, if believed by the trial court, established that element. The determination of whether the child was disabled before reaching the age of majority required the resolution of disputed material facts, and summary, judgment cannot be entered if there is a genuine issue.of material fact in dispute. Capital Alliance Ins. Co. v. Thorough-Clean, Inc., 639 So.2d 1349, 1350 (Ala.1994) (“A summary, judgment is proper when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law.”). *50 Therefore, the summary judgment should not have been entered on the arguments presented by the father, and I agree that the judgment dismissing the Brewington claim is due to be reversed on the record before us.
I note, however, that in Ex parte Christopher, 145 So.3d 60 (Ala.2013), the supreme court reconsidered earlier cases that held that a parent could be required to provide postminority educational support for a child. In overruling those cases, the supreme court held that “[t]he clear import of the Alabama child-support statute (§ 30 — 3—1[, Ala.Code 1975]), traceable to its origin in 1852, is that the term ‘children’ does not describe adults, but only those under the age of majority.” Id. at 68. In Ex parte Christopher, the supreme court rejected arguments that the term “children” as used in the statute could include adult children, regardless of whether those arguments were based on stare decisis, public policy, acquiescence by the legislature to decisions by the court, or otherwise. Id. at 66-71. The supreme court expressly noted that the issue of postminority support for disabled children as established in Ex parte Brewington was not before the court in Ex parte Christopher. Id. at 66. Nevertheless, the analysis and reasoning of the court in Ex parte Christopher regarding the proper definition of “children” in § 30-3-1 cannot, in my view, be reconciled with Ex parte Brewington. See, e.g., Ex parte Christopher, 145 So.3d at 82 (Murdock, J., dissenting); id. at 86 n. 21 (Shaw, J., dissenting). It is axiomatic that we are bound by controlling supreme court precedent, and because Ex parte Christopher expressly did not address the issue in Ex parte Brewington, neither this court nor the trial court may hold that Ex parie Brewington has been abrogated or overruled sub silentio. See, e.g., Agostini v. Felton, 521 U.S. 203, 237, 117 S.Ct. 1997, 138 L.Ed.2d 391 (1997) (“ ‘[I]f a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions.’ ” (quoting Rodriguez de Quijas v. Shearson/American Express, Inc., 490 U.S. 477, 484, 109 S.Ct. 1917, 104 L.Ed.2d 526 (1989))). But the parties to this case should take note that the supreme court has ordered this court to apply the holding in Ex parte Christopher, specifically that “children” as used in the § 30-3-1 includes only minor children, to reverse final trial-court judgments ordering postminority educational support that had been entered before Ex parte Christopher was decided, even when the issue was never raised in the trial court and the parties were not placed on notice of the challenge to the definition of “children” in their litigation. See, e.g., Ex parte Duerr, 191 So.3d 801 (Ala.2015); and Ex parte Jones, 181 So.3d 338 (Ala.2015).