STUART, Justice.
Gerald Van Jones, the father, contends that the Court of Civil Appeals erred in affirming the trial court’s order awarding postminority educational support for his son, Garrette Jones. We reverse and remand.

Facts and Procedural History

The Montgomery Circuit Court entered a final judgment divorcing the father and Gaynor Jones, the mother, on January 8, 1998. During their marriage, the father and the mother had two children, Garrette and Gabrielle. In August 2011, the mother petitioned the trial court for postminority educational support for Garrette. After conducting a trial, the trial court entered an order on April 26, 2013, awarding the mother postminority educational support for Garrette. After the postjudgment motions were disposed, the father filed a timely notice of appeal with the Court of Civil Appeals on September 10,2013.
The Court of Civil Appeals on April 11, 2014, entered an order reinvesting the trial court with jurisdiction for 14 days for the sole purpose of entering an amount or percentage of postminority educational support. Jones v. Jones (2121046). On April 18, 2014, the trial court entered an order requiring the father to pay 100% of Garrette’s postminority educational support. The father, out of “an abundance of caution,” then moved the Court of Civil Appeals for permission to appeal the April 18, 2014, order. The Court of Civil Appeals granted the father permission to appeal the April 18, 2014, order (case no. 2130709) and consolidated the father’s two appeals. On September 12, 2014, the Court of Civil Appeals affirmed the trial court’s judgment in both appeals, without an opinion, but with a dissent from Judge Thomas. Jones v. Jones, 181 So.3d 337 (Ala.Civ.App.2014). Judge Thomas, in her dissent, states:
“I respectfully dissent as to the affir-mance of the trial court’s award of post-minority educational support. On October 4, 2013, our supreme court released Ex parte Christopher, 145 So.3d 60 (Ala.2013), in which our supreme court expressly overruled Ex parte Bayliss, 550 So.2d 986 (Ala.1989). In overruling Bayliss, our supreme court specifically held that,
*340 “ ‘[although [this] decision does not affect final orders of postminority educational support already entered, our overruling of Bayliss is applicable to all future cases. Further, this decision also applies to current cases where no final postminority-support order has been entered or where an appeal from a postminority-support order is still pending.’ •
“Christopher, 145 So.3d at 72 (emphasis added).
“... [A]t the time Christopher was decided, this case was on appeal in this court and no final judgment awarding postminority educational support had been entered.
“As I explained in my special writing in Morgan v. Morgan, 183 So.3d 945, 968 (Ala.Civ.App.2014) (Thomas, J., concurring in part and concurring in the result in part), the above-quoted language in Christopher plainly states that the holding in Christopher is applicable to any case in which an appeal of a postminority-educational-support order was pending at the time the supreme court’s opinion in Christopher was released. Furthermore, our supreme court clearly stated that the holding in Christopher applied ‘to current cases where no final postminority-support order has been entered’ 145 So.3d at 72 (emphasis added).... Therefore, based on the supreme court’s holding in Christopher that ‘the child-custody statute does not authorize a court in a divorce action to require a noncustodial parent to pay educational support for children over the age of 19,’ 145 So.3d at 72, I would reverse the judgment of the trial court ordering the father to pay postmi-nority educational support.”
181 So.3d at 338.
On November 20, 2014, this Court granted the father’s petition for a writ of certiorari to determine whether the decisions of the Court of Civil Appeals affirming the trial court’s order awarding post-minority educational support for Garrette conflicted with Ex parte Christopher, 145 So.3d 60 (Ala.2013).

Standard of Review

“' “On certiorari review, this Court accords no presumption of correctness to the legal conclusions of the intermediate appellate court....” Ex parte Toyota Motor Corp., 684 So.2d 132, 135 (Ala.1996).
“Ex parte Helms, 873 So.2d 1139, 1143 (Ala.2003). ‘ “[O]n appeal, the ruling on a question of law carries no presumption of correctness, and this Court’s review is dé novo.” ’ Rogers Found. Repair, Inc. v. Powell, 748 So.2d 869, 871 (Ala.1999) (quoting Ex parte Graham, 702 So.2d 1215, 1221 (Ala.1997)).”
Ex parte C.L.C., 897 So.2d 234, 236-37 (Ala.2004).

Discussion

The father contends that the decision of the Court of Civil Appeals to affirm the trial court’s order awarding the mother postminority educational support for Gar-rette conflicts with the following language in Ex parte Christopher, 145 So.3d at 72:
“Although today’s decision does not affect final orders of. postminority educational support already entered, our overruling of [Ex parte ] Bayliss [, 550 So.2d 986 (Ala.1989),] is applicable to all future cases. Further, this decision also applies to current cases where no final postminority-support order has been entered or where an appeal from a postmi-nority-support order is still pending.”
According to the father, the Court of Civil Appeals erred in refusing to - apply Ex parte Christopher in this case because, he *341 says, the appeal of the trial court’s order awarding postminority educational support for Garrette was pending in the Court of Civil Appeals when Ex parte Christopher was decided and, therefore, in accordance with Ex parte Christopher, the Court of Civil Appeals should have reversed the trial court’s judgment.
In Ex parte Christopher, this Court overruled Ex parte Bayliss, 550 So.2d 986 (Ala.1989), and held that the child-custody statute, § 30-3-1, Ala.Code 1975, did not authorize a trial court in a divorce action to require a noncustodial parent to pay educational support for a child who was over the age of 19. 145 So.3d at 72. This Court further held that, the decision in Ex parte Christopher would not affect final orders of postminority educational support but would apply to eases where an appeal of a postminority-educational-support'"or-der was pending at the time Ex parte Christopher was decided.
Because the trial court’s order awarding postminority educational support was pending on appeal in the Court of Civil Appeals when Ex parte Christopher was decided, the Court of Civil Appeals erred in not applying Ex parte Christopher in this case. The father filed an appeal from the trial court’s postminority-educational-support order on September 10, 2013. This Court decided Ex parte Christopher on October 4, 2013. Because this case was pending on appeal in the Court of Civil Appeals when Ex parte Christopher was decided, the Court of Civil Appeals erred by not applying the holding in Ex parte Christopher that a trial court does not have authority to order postminority educational support in this case and by not reversing the trial court’s order. Because the judgment of the Court of Civil Appeals affirming the trial court’s order conflicts with Ex parte Christopherr that judgment is reversed.[1]

Conclusion'

Based on the foregoing, the judgment of the Court of Civil Appeals is reversed and this case is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
MOORE, C.J., and BOLIN, PARKER, MAIN, WISE, and BRYAN, JJ., concur.
MURDOCK and SHAW, JJ., dissent.

. Because resolution of this issue disposes of this case, we pretermit discussion of the other issues raised by the father.