MOORE, Chief Justice
(concurring specially).
On September 30, 2014,1 dissented from this Court’s order insofar as it denied the *970 petition of Steven Mark Morgan (“the husband”) for a writ of certiorari to review the Court of Civil Appeals’ affirmance of the trial court’s award of postminority support (Court of Civil Appeals case no. 2120101). In my view, the husband correctly argued in his petition that our decision in Ex parte Christopher, 145 So.3d 60 (Ala.2013), relieved him from having to pay postminority support for his daughter’s college education. Although I concur in quashing the writ on the issue of the husband’s penden-te lite obligation (Court of Civil Appeals case no. 2120390), I write separately to explain why this Court should have granted certiorari review on the issue of postmi-nority support.[1]
On September 9, 2013, the husband filed his opening brief in case no, 2120101 in the Court of Civil Appeals. On October 4, 2013, this Court released its opinion in Ex parte Christopher. That opinion stated, in pertinent part:
“Although today’s decision does not affect final orders of postminority educational support already entered, our •overruling of [Ex parte] Bayliss[, 550 So.2d 986 (Ala.1989),] is applicable to all future cases. Further, this decision also applies to current cases where no final postminority-support order has been entered or where an appeal from a postminority-support ordev is still pending.”
145 So.3d at 72 (emphasis added). In his reply brief in the Court of Civil Appeals, the, husband argued that Ex parte Christopher mandated reversal of the trial court’s order requiring him to pay postminority support for his daughter’s college education. In its opinion the Court of Civil Appeals stated: “[W]e interpret the instruction from the supreme court to apply Christopher' in’ cases, still on appeal to those instances in which the issue concerning the trial court’s authority to grant such support was properly raised in the trial court.” Morgan v. Morgan, 183 So.3d 945, 965 (Ala.Civ.App.2014). Because the husband had not argued in the trial court or in his opening brief to the Court of Civil Appeals that Ex parte Bayliss, 550 So.2d 986 (Ala.1989), should be overruled but only that the trial court had incorrectly applied Bayliss, the Court of Civil Appeals “conclude[d] that Christopher does hot apply to this action.” 183 So.3d at 965.
Judge Thomas, writing separately in case no. 2120101, disagreed, noting that “the holding in Christopher is applicable to any case in which an appeal of a postmi-nority-support order was pending at the time that decision was. released.” 183 So.3d at 968 (Thomas, -J., concurring in part and concurring in the result in part). Judge Thomas concluded: “[Bjased upon the plain language used by our supreme court, this court must reverse that portion of the Chilton Circuit Court’s divorce judgment ordering the- husband to pay postmi-nority educational support....” 183 So,3d at 969.
As Judge Thomas correctly explained, the Court of Civil Appeals nullified the plain language of Ex parte Christopher, which stated: “[T]his decision also applies ... where an appeal from a postminority-support order is still pending.” 145 So.3d at 72. As the husband ai'gued in his petition for a writ of certiorari, Ex parte Christopher did not require a noncustodial *971 parent to raise a challenge to the authority of Bayliss in the trial court for a pending appellate case to benefit from the.overruling of Bayliss. The husband, in the trial court and on appeal, challenged the order that he pay postminority support within the context of Bayliss, the then governing precedent. When the substantive law applicable to that order changed while his case was pending on appeal, he was entitled, by the specific language of Ex parte Christopher, to invoke that change.. The decision in Ex parte Christopher is an application of “[t]he general rule ... that a case pending on appeal will be subject to any change in the substantive law.” Alabama State Docks Terminal Ry. v. Lyles, 797 So.2d 432, 438 (Ala.2001).
In Ex parte Jones, 181 So.3d 338 (Ala.2015), this Court addressed the sanie issue regarding the applicability of Ex parte Chñstopher that the husband raised in his petition in this case. We stated in Jones: “Because the trial court’s order awarding postminority educational support was pending on appeal in the Court of Civil Appeals when Ex parte Christopher was decided, the Court of Civil Appeals erred in not applying Ex parte Christopher in this case.” 181 So.3d at 339. Unfortunately, the husband’s petition seeking review of this issue was denied on September 30, 2014, five months before we decided Jones.
I see no reason why the husband, especially in the light of Jones, should be denied review on the issue of postminority support. For that reason, I dissented from this Court’s order of September 30, 2014, , insofar as it denied certiorari review on that issue.
BRYAN, J., concurs.

. The Court of Civil Appeals consolidated the husband's appeal (case no. 2120101) with his petition for a writ of mandamus (case no. 2120390), which that court treated as an appeal, This Court, on September 30,’2014, denied the husband's petition for a writ of certiorari as to all grounds associated with case no. 2120101 and with all but one ground addressed in case no. 2120390.