WISE, Justice.
Aqdrew Arthur Duerr (“the father”), argues that the Court of Civil Appeals erred in affirming the order of the Montgomery Circuit Court awarding postminority educational support for his daughter, N.D. We reverse and remand.

Facts and Procedural History

The father and" Anne Marie Duerr (“the mother”) were married in 1989, and four children were born during the marriage.[1] The parties' were' divorced in 2003. In October 2011, the father filed a petition to *802 terminate alimony and to modify child support and visitation. In- April 2013, the mother filed an answer and a counterclaim in which she sought -postminority- educational support for N.D., a child of the marriage, who was attending the Cleveland Institute of Music. After conducting a hearing, the trial court, among other things, ordered the father to pay up to $12,000 per semester in postmi'nority support for N.D.’s tuition. 'On September'26, 2013, the father filed a notice of appeal to the Court of Civil Appeals.'
On August. $, 2014,.. the Court of Civil Appeals affirmed the, trial court’s;:judgment, -without an opinion. See. Duerr v. Duerr, 191 So.3d 800 (Ala.Civ.App.2014). Judge Thomas concurred in, part with and dissented in part from the no-opinion affir-mance, reasoning as follows:
“This is an appeal in a domestic-relations action. I concur as to the affir-mance of the Montgomery Circuit Court’s decision to reinstate its award of periodic alimony to Anne Marie Duerr. However, I respectfully dissent as to the affirmance of the trial court’s award of postminority educational support. On October 4, 2013, our supreme court released Ex parte Christopher, 145 So.3d 60 (Ala.2013), in which our supreme court expressly overruled Ex parte Bayliss, 550 So.2d 986 (Ala.1989).
“In overruling Bayliss, our supreme court specifically held that,
“ ‘[although [this] decision does not affect final orders of postminority educational support already entered, our overruling of Éayliss is applicable to all future cases. Further, this deci-sión also applies . to current’ cases where no final postminority-support order has been entered or where, an appeal from a postminority-support order is still pending.’
“Christopher, 145 So.3d at 72 (emphasis added).
“As I explained in my special writing in Morgan v. Morgan, 183 So.3d 945, 969 (Ala.Civ.App.2014)(Thomas, J., concurring in part and concurring in the result in part), the above language in Christopher plainly states that the holding in Christopher is applicable to any case in which an appeal of a postminority-educational support order was pending at the time the supreme court’s opinion in Christopher was released; there is no mention of an obligation of, a party to have raised the issue before the trial court. - -
“The State ’ Judicial Information System case-action-summary sheet in this case indicates' that Andrew Arthur Duerr (‘the former husband’) filed this appeal on Septembér 26, 2013, and that the appeal remained pending when the opinion in Christopher was released on October 4, 2013. Accordingly, it is my opinion that, based upon the plain language used by our supreme court, this court must reverse that portion of the trial court’s divorce judgment ordering the former husband to pay postminority educational support, in accordance with the supreme court’s holding in Christopher that ‘the child-custody statute does not authorize a court in a divorce action to require a noncustodial parent to pay educational support for children over the age of 19.’ 145 So.3d at 72.” '
191 So.3d at 800.
On March 19, 2015, this Court granted the father’s petition for a writ of certiorari to determine whether'the decision of the Court of Civil Appeals affirming the trial court’s order awarding postminority educational support for N.D. conflicted with Ex parte Christopher, 145 So.3d 60 (Ala.2013).

*803
Standard of-Review

“ ‘ “On certiorari review, this Court accords no presumption of correctness to the legal conclusions of the intermediate appellate court....” Ex parte Toyota Motor Corp., 684 So.2d 132, 135 (Ala.1996).’
“Ex parte Helms, 873 So.2d 1139, 1143 (Ala.2003). ‘ “[0]n appeal, the ruling on a question of law carries no presumption of correctness, and this Court’s review is de novo.” ’ Rogers Found. Repair, Inc. v. Powell, 748 So.2d 869, 871 (Ala.1999) (quoting Ex parte Graham, 702 So.2d 1215, 1221 (Ala.1997)).”
Ex parte C.L.C., 897 So.2d 234, 236-37 (Ala.2004).

Discussion

The father argues that the Court of Civil Appeals erred in not reversing the trial court’s award of postminority educational support for N.D. He argues that the reversal of that order is mandated by Ex parte Christopher, 145 So.3d 60 (Ala.2013). This Court addressed a similar argument in Ex parte Jones, 181 So.3d 338, 340 (Ala.2015), stating:
“In Ex parte Christopher, this Court oyerruled Ex parte Bayliss, 550 So.2d 986 (Ala.1989), and held that the child-custody statute, § 30-3-1, Ala.Code 1975, did not authorize a trial court in a divorce action to require.a noncustodial parent to pay educational support for. a child who was over the age of 19, 145 So.3d at 72. This Court further held that the decision in Ex parte Christopher would not affect final orders of postminority education support but would apply to cases where an appeal of a postminority-educational-support order was pending' at the time Ex parte Christopher was decided-
“Because the trial court’s order awarding postminority educational support was pending on appeal in the Court of Civil Appeal’s when Ex parte Christopher was decided, the Court of Civil Appeals erred in not applying Ex parte Christopher in this case. The father filed an appeal from the trial court’s postminority-educational-support order on September 10, 2013. This Court decided Ex parte Christopher on October 4, 2013. Because this case was pending on appeal in the Court of Civil Appeals when Ex parte Christopher was decided, the Court of Civil Appeals erred by not applying the holding in Ex parte Christopher that a trial court does not have authority to order postminority. educational support in’ this case and by not reversing the trial court’s order. Because the judgment of the Court of Civil Appeals affirming the trial court’s order conflicts with Ex parte Christopher, that court’s judgment is reversed:”
Likewise, the father in this case filed his notice of appeal from the trial court’s order awarding postminority educational support on September 26, 2013, and this case was pending on appeal in the Court of Civil Appeals at the time this Court decided Ex parte Christopher. Therefore, based on the reasoning in Ex parte Jones, the Court of Civil Appeals erred when it did not apply the holding' in Ex parte Christopher to this case and reverie the trial court’s award of postminority educational support for N.D. Because’ the trial court’s order conflicts with this’ Court’s holding in Ex parte Christopher, that court’s judgment must be reversed.

Conclusion

Accordingly, we reverse the judgment of the Court of Civil Appeals and remand this case for proceedings consistent with this opinion.
REVERSED AND .REMANDED.
*804 MOORE, C.J., and STUART, BOLIN, PARKER, MAIN, and BRYAN, JJ., concur.
MURDOCK and SHAW, JJ., dissent.

. During the marriage, the father also adopted two of the mother’s children from a previous marriage,